THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RANDY J. DESKIN, Defendant-Appellant.

Third District   No. 77-74

Opinion filed June 5, 1978.

Kerry R. Cordis, of Princeville, for appellant.

Robert H. Rennick, Sr., State's Attorney, of Toulon (James E. Hinterlong and Gerry Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. PRESIDING JUSTICE BARRY delivered the opinion of the court:

This is an appeal from convictions of aggravated battery and the unlawful use of a weapon following a jury trial in the Circuit Court of Stark County. The defendant, Randy J. Deskin, was sentenced to five years probation, the first year of which was to be served on work release.

At the trial, the State's witnesses indicated that the victim of the alleged battery, Wayne Thompson, had been drinking and that the incident arose because Thompson insulted Deskin. Two witnesses testified that, during the evening of September 19, 1976, at Brownie's Supper Club, they observed the defendant pull a revolver and strike Thompson on the head,

although they admitted Deskin's fist, rather than the pistol, may have actually struck Thompson. A third incident witness stated he did not know whether the defendant struck the victim with a gun and admitted he was not in a position to see the blow land. In addition, a photograph was also introduced into evidence to show that the victim had a rather gaping laceration above his hairline.

The victim, however, did not testify. A subpoena had been issued for him, but neither the sheriff nor the marshal for Wyoming, Illinois, were able to locate him.

According to the defendant's testimony, Thompson had made obscene comments and obscene gestures to the defendant and the defendant's wife. Deskin admitted striking Thompson but stated that, although he was wearing a large ring, he did not then have a gun in his hand. He further testified that he did not pull the gun out of his back pocket until he reached the door.

Several defense witnesses testified that Thompson had been drinking and using drugs. The defendant's wife, sister, sister-in-law and a friend each testified that Thompson provoked the altercation and that they did not observe a gun in the defendant's hand.

The defense also attempted to call Mr. Eugene H. Rennick, Jr., acting State's Attorney at the time of the incident. While in that capacity, he had interviewed Thompson and in a file memorandum he related that:

> "Thompson said it all started because of him making remarks about Deskin's shirt. He said he had been drinking (Tequilla Sunrise) and was not in very good shape. He said that he told Deskin that his shirt was obnoxious. Deskin did not like this and he then claims he does not know what happened except that he got hit by Deskin or he was told he got hit by Deskin. Thompson said he does not know what he got hit with. Obviously, he does not want to testify against Deskin for some reason* * *."

The trial court, however, did not allow either Rennick's testimony or this memorandum into evidence because these remarks concerning Thompson's statement were hearsay.

In addition, the trial court allowed the following documents to be admitted into evidence: A certified copy of an application for a liquor license by Dorothy J. Brown, d/b/a "Brownie's Supper Club," in the County of Stark, filed in the office of the clerk of Stark County on October 30, 1976, and a copy of a continuation of a surety bond, numbered 4418486, in the amount of $1000, effective January 1, 1976, and expiring January 1, 1977. The Stark County clerk also certified that the application was approved by the Stark County Liquor Commission on December 2, 1975, and that License Number 164—C, expiring December 31, 1976, was issued on that date. Although the defense made an objection, no specific

reason for not admitting this evidence was advanced, and the trial court admitted this evidence over the objection.

■■ The first issue raised by the defendant is whether the trial court erred by refusing to allow the former acting State's Attorney to testify concerning his conversation with the victim. The defendant, after pointing out that the exceptions to the rule against the admission of hearsay evidence are based on necessity and public policy, argued that the testimony of the acting State's Attorney was necessary to preserve Thompson's out-of-court statement showing his lack of credibility, and that, as a matter of public policy, the defendant was otherwise denied a fair trial because the State elected to go forward with the prosecution without the victim. Neither of these arguments form a legal basis for the admission of hearsay, and both are based on the implication that the State intentionally proceeded without the victim.

■■ Generally, the failure to call a witness who could testify concerning material facts in a case raises a presumption that the testimony would be unfavorable to the party failing to call the witness, and in a criminal case, such an inference can create a reasonable doubt as to the defendant's guilt, even though the presumption can be rebutted by an explanation of the failure of the witness to testify. (*People v. Guido* (1962), 25 Ill. 2d 204, 184 N.E.2d 858.) The testimony of the acting State's Attorney was not necessary to raise the inference. Thompson's failure to testify raised the inference. However, that inference was rebutted by the explanation of the sheriff that Thompson had been subpoenaed and was searched for but could not be located. Furthermore, the failure of the State to call all occurrence witnesses does not raise an inference that those witnesses who were not called would be helpful to the defendant where one eyewitness does testify directly to the event and his testimony is clear and convincing. (*People v. Rowe* (1st Dist. 1977), 45 Ill. App. 3d 1040, 360 N.E.2d 436.) Several witnesses testified concerning the occurrence and none denied that the defendant struck Thompson. Two of the State's witnesses testified that the defendant, with a pistol in his hand, struck Thompson on the head. Therefore, Thompson's failure to appear should raise no inference negative to the People.

■■ As to the exceptions to hearsay suggested by the defendant into which he is attempting to fit the testimony of the former acting State's Attorney, we can find no error by the trial court in not admitting this evidence based on these theories. On appeal, the defendant argues two alternative theories. However, the theory that the victim's statement to the former acting State's Attorney was a declaration against interest was neither presented to the trial court during trial nor in the defendant's post-trial motion. Therefore, the defendant has waived this argument for the

purpose of appeal. Ill. Rev. Stat. 1977, ch. 110A, par. 366(b)(2)(iii); *People v. Walker* (1st Dist. 1974), 22 Ill. App. 3d 711, 318 N.E.2d 111.

■■ The defendant secondly argues that the evidence should have been admitted because it was an admission of a party opponent. In a criminal case, the party opponent to the defendant is the People of the State of Illinois. The victim, though also a complainant, is merely another witness.

The final argument of the defendant concerning the admissibility of this evidence is that the trial court should have admitted the evidence to show prosecutorial motive. A prosecutor ought not abuse his discretion in determining whether or not to prosecute a case. In so doing, the State's Attorney has the responsibility of evaluating evidence and other pertinent factors and determining what offence can and should be properly charged. *People v. Rhodes* (1967), 38 Ill. 2d 389, 231 N.E.2d 400.

■■ This case does not present a fact situation wherein the former acting State's Attorney definitely decided not to bring charges and the State's Attorney decided otherwise. And, depending upon the evidence before each prosecutor, the decision of another State's Attorney to prosecute may not be an abuse of discretion. Nor does the evidence excluded indicate that this State's Attorney abused his discretion. At best, Thompson's statement indicates that he was in no condition to comprehend what happened. A victim who had his back turned to the aggressor would have been in no better position to testify, even if he had been stone sober. The evidence presented by the other occurrence witnesses clearly indicates that the State's Attorney did not abuse his discretion. Therefore, we find no error in the trial court's refusal to admit this testimony into evidence.

■■ The second issue raised by the defendant is whether he was proven guilty beyond a reasonable doubt of aggravated battery. "A person commits battery if he intentionally or knowingly without legal justification and by any means, (1) causes bodily harm to an individual or (2) makes physical contact of an insulting or provoking nature with an individual." (Ill. Rev. Stat. 1975, ch. 38, par. 12—3(a).) Aggravated battery occurs when a battery is committed by using a deadly weapon. (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(b)(1).) Although a gun, if fired, is generally considered a deadly weapon *per se*, when it is used as a club it may also be considered a deadly weapon. (See *People v. Carter* (1951), 410 Ill. 462, 102 N.E.2d 312; *People v. Mastin* (1st Dist. 1969), 110 Ill. App. 2d 400, 249 N.E.2d 658).

The defendant and the defense witnesses testified that the defendant was not holding the gun at the time he hit Thompson. The defendant also points out that the State's witnesses who testified that he did have the

pistol in his hand could not definitely say that the gun, as opposed to the defendant's hand or his ring, struck the victim's head.

■■ All this evidence, however, was before the jury, as was a picture of the wound on the head of the victim. It is the province of the jury to weigh the credibility of the witnesses, and their finding is not against the manifest weight of the evidence. Therefore, we conclude that the defendant was proven guilty of aggravated battery beyond a reasonable doubt.

The defendant also raises the issue of whether he was proven guilty beyond a reasonable doubt of the unlawful use of a weapon. The basis of the defendant's conviction was his possession of a firearm in a place licensed to sell intoxicating beverages. (Ill. Rev. Stat. 1975, ch. 38, par. 24—1(a)(8).) Although the defendant admits he had the pistol in the bar, admitting he pulled it out of his pocket as he reached the door, he contends that there was no proper evidence before the trial court of the bar having a valid liquor license on the evening of the incident.

The defendant complains that the trial court should not have taken judicial notice of the records of the county clerk and that, assuming those records were properly before the court, those records did not disclose whether the liquor license may have been revoked. We believe the records were properly before the trial court. Even though the trial judge used the term "judicial notice," certified copies of the records were actually admitted into evidence. Obviously, judicial notice need not be taken where direct evidence is submitted to the trial court. In any event, although the defense counsel did object, to merely state "I object" gives the trial court no basis for denying the admission of these certified copies of documents into evidence. Because the defense's objection stated no' grounds and because the admission of this evidence was not listed as a basis for the defendant's motion for a new trial, we believe the defendant has waived this argument. Ill. Rev. Stat. 1977, ch. 110A, par. 366(b)(2)(iii).

■■ The exhibits established that the owner of the establishment applied for a liquor license, which application was accompanied by the appropriate surety bond, that the application was approved December 2, 1976, and that the license issued was to expire on January 1, 1977. This evidence creates a strong inference that the license was in effect on the date of the incident. It would be overly burdensome for the State to be required to prove that no revocation of the license had occurred on or prior to the date of the occurrence if only because no record is anywhere made of the fact that revocation proceedings have not been instituted. Furthermore, the defendant has access to public records and has the ability and opportunity to prove whether a revocation of the liquor license in question had occurred on or prior to the date of the incident.

Therefore, we believe that the defendant was proven guilty of the unlawful use of a weapon beyond a reasonable doubt.

Lastly, the defendant challenges the sentence imposed as being excessive. The defendant points out that the sentence combines the maximum allowable period of probation with a required participation in a work release program for one year, which is one-half the maximum period for such a requirement. (Ill. Rev. Stat. 1975, ch. 38, pars. 1005—6—2(b)(1), 1005—6—3(b)(1).) Additionally, as a condition to probation the trial court ordered that the defendant "not be found in any business establishment in Stark County, Illinois, which establishment has a license to sell alcoholic liquor* * *." This last condition is not enumerated as a permissible condition to be imposed on probation (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3), and therefore that condition must be deleted from the sentence imposed by the trial court. In all other respects, however, we find that the sentence was not excessive.

Aggravated battery is a Class 3 felony (Ill. Rev. Stat. 1975, ch. 38, par. 12—4(d)), and for a Class 3 felony, a defendant may receive a term of imprisonment with a maximum term of 10 years and a minimum term of one year, unless a higher minimum is warranted by the nature and circumstances of the offense and the history and character of the defendant. When the appellate court is asked to exercise its power to reduce sentences, that power will be exercised cautiously because the trial court is in a better position to determine the punishment to be imposed. (*People v. Sweeney* (3d Dist. 1977), 46 Ill. App. 3d 858, 361 N.E.2d 344.) The basis for granting a reduction is not judicial clemency (*People v. Aristole* (1st Dist. 1971), 131 Ill. App. 2d 175, 268 N.E.2d 227), but rather evidence in the record of an abuse of discretion on the part of the trial court. *People v. Cole* (3d Dist. 1974), 23 Ill. App. 3d 620, 321 N.E.2d 71.

■■ It can hardly be said that the imposition of probation is excessive when a sentence of imprisonment could have been imposed. Therefore, we find no abuse of discretion on the part of the trial court in imposing this sentence, except the imposition of the condition to remain out of the Stark County liquor establishments.

Accordingly, the judgment of the Circuit Court of Stark County is reversed only to the extent that the sentence imposes a condition that the defendant not enter liquor establishments in Stark County. In all other respects, the judgment is affirmed.

Reversed in part, affirmed in part.

ALLOY and SCOTT, JJ., concur.