THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MICHAEL KISTENMACHER, Defendant-Appellant.

Third District   No. 78-336

Opinion filed October 24, 1979.

Robert Agostinelli and Peter A. Carusona, both of State Appellate Defender's Office, of Ottawa, for appellant.

Edward Keefe, State's Attorney, of Rock Island (John X. Breslin and Gerry R. Arnold, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE SCOTT delivered the opinion of the court:

On September 23, 1977, the defendant Michael Kistenmacher, was sentenced to five years probation following his plea of guilty to the charge of arson. Subsequently, on June 30, 1978, the defendant's probation was revoked and, following a sentencing hearing at which the defendant was given an opportunity to elect between the sentencing laws in effect before and after February 1, 1978, the defendant was sentenced to a term of imprisonment of not less than five nor more than 15 years, pursuant to the defendant's election to be sentenced under the old law.

■■ ■ On appeal, the only issue raised is whether the defendant was denied his rights to equal protection and due process in making his election between the sentencing schemes since the trial court did not inform the defendant of the specific sentence which would be imposed under each scheme, did not inform the defendant of the differences between parole eligibility under the old law and the early release provisions of the new law, and did not inform the defendant of the range of sentences under the law in effect after February 1, 1978. This court, however, must find that no deprivation of defendant's rights to equal protection and due process occurred because a defendant, having been sentenced to probation prior to the effective date of the new sentencing act but whose probation was revoked and a sentence of imprisonment imposed after the effective date of the new act, has no right to elect between the old and new sentencing schemes. (*People v. Perkins* (1979), 67 Ill. App. 3d 911, 385 N.E.2d 184.) Even though the defendant had such a right this court has already determined that a defendant has no right to choose between specific sentences, nor has he the right to be informed of the specific sentence which the court would impose. *People v. Peoples* (1979), 71 Ill. App. 3d 842, 390 N.E.2d 554.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed.

Affirmed.

STOUDER, P. J., and ALLOY, J., concur.