THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ALVIN M. WHITTINGTON, Defendant-Appellant.

Third District     No. 80-112

Opinion filed August 20, 1980.

Robert Agostinelli and Michael Filipovic, both of State Appellate Defender's Office, of Ottawa, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE STENGEL delivered the opinion of the court:

In this appeal by the defendant, Alvin M. Whittington, the only issue raised is whether it was proper for the trial court to impose as a condition to the defendant's probation the requirement that he shall neither smoke, ingest nor otherwise use alcoholic beverages, forbidden drugs or marijuana. The appeal is taken from an order modifying the defendant's probation.

In 1976, the defendant pleaded guilty to the offense of unlawful possession of a controlled substance and was placed on probation for three years. Subsequently, on January 10, 1978, the defendant confessed a petition to revoke probation and was, thereafter, sentenced to an extended five-year term of probation, conditioned upon his serving six months in the Kankakee County Detention Center. At that time, the trial court found that the 1977 Amendatory Act to the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1001—1—1 et seq.) did not apply to the defendant.

On August 14, 1979, a second petition to revoke the defendant's probation was filed, based on the defendant's alleged failures to report to his probation officer. After a hearing, the defendant was found in violation of his probation. After conducting a sentencing hearing, the trial court readmitted the defendant to probation, conditioned upon his serving six months in the Kankakee County Detention Center and, pursuant to the amended Unified Code of Corrections, conditioned upon the defendant not smoking or otherwise using or ingesting any marijuana, controlled substances or alcoholic beverages. In addition, the defendant was required to report weekly to a drug counseling program known as KDARC after the completion of his imprisonment.

We agree with the defendant that the amended statute does not apply in this instance, for upon revocation of probation, any sentence can be imposed which might have been imposed at the time the defendant was originally placed on probation. (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—6—4(e).) For the same reason, a defendant sentenced to probation prior to the February 1, 1978, effective date of the new sentencing act does not obtain the right to elect between the old and new sentencing acts merely because his probation was revoked after February 1, 1978. *People v. Kistenmacher* (1979), 77 Ill. App. 3d 704, 396 N.E.2d 592; *People v. Perkins* (1979), 67 Ill. App. 3d 911, 385 N.E.2d 184.

Commenting on what appeared to be an inappropriate condition in *People v. Deskin* (1978), 60 Ill. App. 3d 476, 376 N.E.2d 1086, this court stated that because the condition imposed on Deskin was not one specifically enumerated in the statute on probationary conditions (Ill. Rev. Stat.

1975, ch. 38, par. 1005—6—3), the imposition of such a condition was not permissible. While there may have been other reasons for striking the condition in *Deskin,* as a statement of law, the requirement that a condition of probation must be one of those statutorily enumerated is a misconstruction. The statute specifically provides that the trial court may impose additional conditions. (Ill. Rev. Stat. 1975, ch. 38, par. 1005—6—3(b).) In *People v. Dunn* (1976), 43 Ill. App. 3d 94, 356 N.E.2d 1137, the court acknowledged that the statute provided for additional conditions but held there must be some connection between such condition and the underlying offense.

In the case at bar, there is a very good reason for the imposition of this condition that the defendant neither smoke, ingest nor otherwise use marijuana, controlled substances or alcoholic beverages. At the sentencing hearing, the defendant's father testified that the defendant suffered from memory problems. In addition, a psychiatrist testified that, based on a review of the defendant's medical history, several personal examinations of the defendant and an examination performed specifically for the sentencing hearing, the defendant has a mild organic brain syndrome due to drug abuse which impairs his capacity to retain, process or recall information.

This condition, therefore, is reasonably related to the underlying offense of possession of a controlled substance and to the defendant's rehabilitation. Accordingly, the order of the Circuit Court of Kankakee County is affirmed.

Affirmed.

ALLOY, P. J., and STOUDER, J., concur.