Herbert Edward DAVIS, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00801–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

April 7, 2005.

Crespin Michael Linton, Houston, for appellant.

Shirley Cornelius, Assistant District Attorney–Harris County, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, for appellee.

Originally submitted to panel consisting of Chief Justice RADACK and Justices KEYES and ALCALA.

## EN BANC OPINION

SHERRY RADACK, Chief Justice.

Herbert E. Davis, appellant, pleaded not guilty to aggravated robbery. The jury found him guilty and assessed punishment at 35 years' confinement. In three points of error, appellant contends that (1) the evidence is legally insufficient to support his conviction; (2) the trial court erred in excluding the complainant's civil court pleading; and (3) the trial court abused its discretion by denying him a mistrial. We affirm.

## BACKGROUND

Jeffrey Dailey, complainant, planned to spend one week at the beginning of May 2002 at the Western Inn Motel as he prepared for his final examinations at the University of Houston Law School. On May 4, 2002, Dailey permitted an unknown female to enter his motel room after she asked to use his telephone. While in the room, the female telephoned someone and waited in complainant's room until this person arrived. After Dailey released the door chain and answered the door, five to seven people entered the room. This group of people punched Dailey, kicked him, threw him on the bed, cut the telephone line in his room, and threatened to kill him with a knife. Dailey later testified that someone smoked crack cocaine during the robbery and that his assailants stole his car, college ring, watch, wallet, and money from his bank account after he gave them his PIN number. Soon, all of his assailants except appellant left Dailey's motel room. Appellant held a pocket knife to Dailey's throat and told him not to move. Appellant was masturbating and wearing a condom. After appellant fell asleep, Dailey quietly escaped the motel room and called 911 from the motel lobby. On May 5, 2002, at 1:52 a.m., Officer M. Romero responded to a robbery in progress. Romero met Dailey in the lobby. After Dailey told Romero his room number, Romero went to Dailey's motel room and found appellant sleeping with a knife in his hand.

Appellant testified that while he was at the motel, he heard a male voice crying for help. Appellant saw Dailey lying naked and flat on his back on the floor of Dailey's motel room. Appellant told Dailey that he

would stay with him while someone else left to call 911. Appellant testified that as he placed Dailey on the bed, appellant became exhausted. Appellant testified that because he had not taken his second insulin shot that day, he passed out because of a glucose reaction. The first memory appellant has after passing out is being awakened by Officer Romero.

### Legal Sufficiency of the Evidence

■ In his first point of error, appellant asserts that the evidence was legally insufficient to support his conviction. Specifically, appellant contends that the State failed to prove beyond a reasonable doubt that appellant committed the offense of aggravated robbery.

■ To establish the offense of aggravated robbery, the State had to prove that appellant (1) in the course of committing theft, (2) with intent to obtain and maintain control of property, (3) knowingly and intentionally, (4) threatened or placed another in fear of imminent bodily injury or death, and (5) then and there used or exhibited a deadly weapon. TEX. PEN.CODE ANN. § 29.03(a) (Vernon 2003). A legal-sufficiency challenge requires us to determine whether, after viewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *King v. State*, 29 S.W.3d 556, 562 (Tex.Crim.App.2000); *Howley v. State*, 943 S.W.2d 152, 155 (Tex. App.-Houston [1st Dist.] 1997, no pet.). As the exclusive judges of the facts, the jurors may believe or disbelieve all or any part of a witness's testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim. App.1981).

Appellant contends that the evidence is legally insufficient to prove that he committed the offense of aggravated robbery because (1) appellant testified that he did not rob Dailey and had no information about the robbery; (2) Dailey is not credible because he filed a civil lawsuit against the Western Inn Motel; (3) evidence suggests that Dailey may have invented the robbery to hide his own questionable activity; and (4) Officer Romero testified that he did not find a "crack pipe" or any condoms in the motel room.

Appellant's first three complaints ask us to circumvent the jury verdict by finding appellant more credible than Dailey. The jury, which heard testimony from appellant and Dailey, was in the best position to determine who was more credible based on their testimony and demeanor in court, and, on appeal, we will defer to the jury's assessment of credibility under these circumstances. *See Cain v. State*, 958 S.W.2d 404, 408–09 (Tex.Crim.App.1997).

At trial, the State presented the testimony of Jeffrey Dailey, the complainant, the only witness to the offense. Dailey testified that one of his assailants pulled out a knife with a three-to five-inch blade. Dailey testified that, upon pulling out the knife, "they told me they were going to kill me." He also testified that, after they threatened to kill him with the knife, they stole his car, college ring, watch, and wallet.

Dailey identified appellant in court as part of the group of men and women who attacked and robbed him in his motel room. Dailey testified that appellant was in his motel room from the beginning of the attack. Dailey also testified that after the other assailants left, appellant stayed in the room and kept Dailey at knifepoint, telling him not to move. When asked whether he was sure the person who did this was appellant, Dailey responded, "Yeah, it's him. I know that for a fact."

Appellant's fourth complaint asserts that Dailey is not credible because the physical

evidence is inconsistent with his testimony. Dailey testified that someone smoked crack during the robbery, that appellant was masturbating after the other assailants left the room, and that appellant was wearing a condom. Although Officer Romero did not find a crack pipe or a condom in the motel room, Officer Romero testified that he did not conduct an extensive search of the motel room. To convict appellant for aggravated robbery, the State was not required to prove that appellant smoked crack, masturbated, or wore a condom. *See* TEX. PEN.CODE ANN. § 29.03(a) (Vernon 2003). Any inconsistencies between Dailey's testimony and Romero's testimony would not render the evidence legally insufficient.

■ It is well established that a conviction may be based on the testimony of a single eyewitness. *Aguilar v. State*, 468 S.W.2d 75, 77 (Tex.Crim.App.1971); *Lewis v. State*, 126 S.W.3d 572, 575 (Tex.App.-Texarkana 2004, pet. ref'd). The determination of what weight to give testimonial evidence is within the sole province of the jury, as it turns on an evaluation of credibility and demeanor. *Cain*, 958 S.W.2d at 408–09. The jury is free to believe or disbelieve all or any part of the State's witnesses' testimony. *Id.* A court of appeals must show deference to such a jury finding. *Id.* at 409.

Viewing the evidence in the light most favorable to the verdict, a rational trier of fact could have found that appellant committed robbery while using or exhibiting a deadly weapon. Accordingly, we hold that the evidence was legally sufficient to support appellant's conviction for aggravated robbery.

We overrule appellant's first point of error.

## Admissibility of Complainant's Petition

■ In his second point of error, appellant contends the trial court abused its discretion by refusing to admit into evidence Dailey's civil pleading filed in his civil lawsuit against the motel where the offense occurred.[1] Appellant argues that he could not cross-examine Dailey about any inconsistencies between the civil pleading and his in-court testimony in the criminal case at bar. Appellant argues that Dailey's pleading, which was made by Dailey's attorney with Dailey's authorization, is admissible as an admission of a party opponent under Texas Rule of Evidence 801(e)(2)(c). *See* TEX.R. EVID. 801(e)(2)(c).

■ We review the trial court's determination of admissibility under an abuse-of-discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 379 (Tex.Crim.App.1990); *Roberts v. State*, 29 S.W.3d 596, 600 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). The trial court has wide discretion in determining the admissibility of evidence and its ruling will not be disturbed as long as it is "within the zone of reasonable disagreement." *Montgomery*, 810 S.W.2d at 391. A trial court's ruling will be upheld if reasonably supported by the record and correct on any theory of law applicable to the case. *See Willover v. State*, 70 S.W.3d 841, 845 (Tex.Crim.App.2002).

■ When a party presents a trial court with a proffer of evidence containing both admissible and inadmissible statements, and the proponent of the evidence fails to segregate and specifically offer the admissible statements, the trial court may properly exclude all of the evidence. *Sauceda v. State*, 129 S.W.3d 116, 124

---

1. Dailey's "Plaintiff's Original Petition," although marked at trial and referred to in the appellate briefs as "Defendant's Exhibit 10–A," is not included in the record.

(Tex.Crim.App.2004); *Willover,* 70 S.W.3d at 847.

At trial, appellant twice attempted to introduce, in its entirety, Plaintiff's Original Petition from Dailey's civil lawsuit against Western Inn Motel. The trial court twice sustained the State's objections that the statements in the pleadings were hearsay because they were not the complaining witness's statements.[2] Appellant later made an oral offer of proof concerning the testimony to which appellant anticipated Dailey would provide in response to questions regarding possible inconsisten-

2. The State made the following objections to the trial testimony:

> [Defense counsel]: I believe you have testified that the very first time you read ·the pleadings was today, right?
> [Complainant]: No. I have seen the pleadings before in his office.
> [Defense counsel]: I said, "read."
> [Complainant]: I still have not read it front to back. This morning I looked at it; and yes, I read some of it. But I have never read that front to back either this morning or a year and a half ago.
> [Defense counsel]: In your reading of it, did you determine whether or not—
> [State]: Your honor, I object to hearsay and relevance and improper impeachment.
> [Court]: Sustained.
> [Defense counsel]: I will offer State's [sic] Exhibit 10[sic] and tender it to counsel.
> [State]: Your Honor, I object to Exhibit 10[sic]. It is not the complaining witness' statement; and therefore, it's hearsay.
> [Court]: Your objection is sustained. Defendant's 10–A is not in.
>
> (Whereupon Defendant's Exhibit 10–A was not admitted.)

3. Appellant made the following offer of proof:

> [Defense counsel]: Then may I make a proffer, an oral proffer, as to what I would anticipate he would say if I'm not going to be allowed to question the witness concerning the proffer?
> [Court]: Other than what [complainant] has said for two days of testimony?
> [Defense counsel]: Yes, sir.

cies with his trial testimony and the pleading.[3] After his offer of proof, appellant attempted to introduce the complainant's pleading as non-hearsay statements made by an agent or a person authorized by a party-opponent under Texas Rule of Evidence 801(e)(2)(c) and (d), but the trial court ·denied appellant's request. TEX.R. EVID. 801(e)(2)(c), (d). The trial court stated that admitting Dailey's civil pleading would violate his attorney-client privilege and, therefore, the court would sustain any objection concerning the admission of the pleading based on Rule 503 of the Texas Rules. of Evidence.[4] TEX.R. EVID. 503.

> [Court]: Go ahead.
> [Defense counsel]: I believe that if I were to call Jeffrey Dailey and have him read the contents of State's Exhibit 10[sic] and then question him concerning them, that he would admit there are inconsistent statements that are attributed to him at least, specifically in relation to whether or not he was ever unconscious during this episode, specifically as to whether or not there were several actual attempts to actually assault him; and I am saying "attempts" versus threats. He has testified to threats, but he testified to no actual attempt. That he would testify that those pleadings show that he repeatedly—well, that he saw these people, various ones, repeatedly smoking crack cocaine. May I have just a second, Judge. There is one more.
>
> (Pause)
> [Court]: Was there anything else?
> [Defense counsel]: Yes, Your Honor. Further that he would in response to my question as—in response to my question would answer that in Defense Exhibit 10[sic] he has alleged that these people actually attempted to murder him. I believe those things to be inconsistent statements, with what he has testified to before this jury.

4. The trial court explained its position as follows:

> Basically we were talking about Rule 503 as to attorney/client privilege; and the general rule is that a client has privilege to refuse to disclose and to prevent any other person from disclosing copies of communications made for the purpose of facilitating the

Generally, hearsay is not admissible except as provided by statute or the rules of evidence. Tex.R. Evid. 802. Hearsay is generally defined as a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Tex.R. Evid. 801(d). Appellant claims, on appeal, that Dailey's pleading is not hearsay under rule 801's definition because it is an admission by a party opponent under rule 801(e)(2). *See* Tex.R. Evid. 801(e)(2). By definition, a statement is not hearsay if the statement is offered against a party and is made by a person authorized by that party to make a statement concerning the subject. Tex.R. Evid. 801(e)(2)(c).

▆▆▆▆ Rule 801(e)(2), which exempts admissions by a party opponent from the hearsay definition, recognizes that, "a party should not be allowed to exclude his own statement on the grounds that what he said was untrustworthy." *Bell v. State,* 877 S.W.2d 21, 24 (Tex.App.-Dallas 1994, pet. ref'd).[5] If a party to the suit made the statement, there should be no concern about the statement's reliability despite the fact that it was made out of court. *Id.* When dealing with admissions, the concern is not about the reliability and trustworthiness of an out-of-court statement. *Bell v. State,* 877 S.W.2d 21, 24 (Tex.App.-Dallas 1994, pet. ref'd). Admissions are admitted because a party should not be allowed to

exclude his own statement on the ground that what he said is untrustworthy. *Id.* at 24. When a party's own out-of-court statement is offered against him, "it would be most incongruous to permit him to object to it by claiming that it is untrustworthy and should not be received because it was not given under oath, in the presence of the trier of fact, and subject to cross-examination." *Godwin v. State,* 899 S.W.2d 387, 390 (Tex.App.-Houston [14th Dist.] 1995, pet. ref'd). A statement, to be considered as an admission, does not necessarily have to admit an element of an offense. *Perkins v. State,* 902 S.W.2d 88, 98 (Tex.App.-El Paso 1995, pet. ref'd).

The threshold issue is whether a complaining witness for the State can be a "party-opponent" in a criminal case under Texas Rule of Evidence 801(e)(2)(c). In *Willover v. State,* this Court held that statements of a complainant were admissions by a "party-opponent" in a criminal case and, as such, not hearsay. 38 S.W.3d 672, 676 (Tex.App.-Houston [1st Dist.] 2000), *rev'd on other grounds,* 70 S.W.3d 841 (Tex.Crim.App.2002). The Court of Criminal Appeals reversed this Court's opinion on other grounds and found it "need not address the Court of Appeals holding that 'when [Rule 801(e)(2) ] uses the term 'admission by party-opponent,' it includes those of the defendant and the complaining witness.'" *Willover,* 70 S.W.3d at 848 n. 10.[6]

---

rendition of professional legal services to the client between the client, for example, and his lawyer or representative lawyer. And I am ruling that the complainant can assert that at this stage if he chooses to do so.

**5.** Pleadings in a civil action that are inconsistent with a party's position in another civil action are admissible as admissions of a party opponent. *St. Paul Fire and Marine Ins. Co. v. Murphree,* 163 Tex. 534, 357 S.W.2d 744, 747 (1962); *Texaco, Inc. v. Pennzoil, Co.,* 729

S.W.2d 768, 838 (Tex.App.-Houston [1st Dist.] 1987, writ ref'd n.r.e.).

**6.** In dicta, the Court of Criminal Appeals went on to state:

However, we note that the other Courts of Appeals in Texas that have considered the issue, have all reached the opposite conclusion. *See, e.g., Owens v. State,* 916 S.W.2d 713, 717–18 (Tex.App.-Waco 1996, no writ) ("The State, not the victim, is the party-opponent of the accused in a criminal proceeding."); *Halstead v. State,* 891 S.W.2d

This Court's holding in *Willover* has been criticized on the ground that the State, not the victim, is the party-opponent of the accused in a criminal proceeding. *See, e.g., Logan v. State,* 71 S.W.3d 865, 869 (Tex.App.-Fort Worth 2002, pet. ref'd). Since *Willover,* the Second Court of Appeals held in *Logan v. State,* contrary to this Court's holding in *Willover,* that a statement by a victim or complainant in a criminal case is *not* admissible under rule 801(e)(2) as an admission by a party opponent. *Id.*

A complaining witness is a crime victim who has no control over what charges the State brings against an accused, who the State charges, and when the State brings the charges. Perhaps more importantly, the complainant has no authority over the disposition of the offense, whether charges are dismissed or pursued, or what sentence a defendant ultimately receives. The State may bring charges against a defendant even though the complaining witness declines to pursue the charges, refuses to testify at trial, or testifies on behalf of the defendant at trial. Similarly, a complaining witness's desire that charges against a defendant be dropped has no legal effect on the State's charges against a defendant. It is axiomatic that a party has the authority to pursue or not to pursue charges, and to resolve the charges with or without a trial. The party here is the State of Texas, not the complaining witness.

We now conclude that the complainant in a criminal prosecution is not a party within the meaning of rule 801(e)(2) and that we erred by holding to the contrary in *Willover.* We overrule *Willover's* holding that a complaining witness is a party opponent. *See Willover,* 38 S.W.3d at 676. Because a statement by a complainant in a criminal case is not admissible under rule 801(e)(2), then a statement made by a person authorized by complainant to make a statement is not admissible under rule 801(e)(2)(c). We hold that the trial court properly sustained the State's objection to appellant's offer of Dailey's civil pleading because the petition was not an admission of a party opponent under rule 801(e)(2)(c).

Because we find that Dailey's civil pleading would contain inadmissible hearsay, we do not reach the issue of whether admission of the pleading would also be barred by the attorney-client privilege under rule 503.

We overrule appellant's second point of error.

## Motion for Mistrial

■ In his third point of error, appellant contends that the trial court abused its discretion by denying appellant's motion for mistrial. Specifically, he alleges that the trial court improperly commented

---

11, 12 n. 1 (Tex.App.-Austin 1994, no writ) ("[W]e conclude that the complainant in a criminal prosecution is not a party within the meaning of Rule 801(e)(2)"). Those decisions are in line with the majority of other jurisdictions who have considered the issue. *See, e.g., Goodson v. State,* 566 So.2d 1142, 1148 n. 11 (Miss.1990) (Because the victim is not a party opponent within the meaning· of Rule 801(d)(2), the victims statements may not be received into evidence as an admission.); *State v. Antillon,* 229 Neb. 348, 426 N.W.2d 533, 538 (1988) ("[I]t is clear that the victim-witness, did

not meet the legal definition of party to the case. His role in the action was not to bring or defend against charges, but merely to provide testimony about the allegations. As such, he was not a party-opponent. . . ."), superceded by statute on other grounds as stated in *State v. Andersen,* 232 Neb. 187, 440 N.W.2d 203 (1989); *People v. Deskin,* 60 Ill.App.3d 476, 17 Ill.Dec. 757, 376 N.E.2d 1086, 1090 (1978) ("In a criminal case, the party opponent to the defendant is the People of the State of Illinois. The victim, though also a complainant, is merely another witness.").

on the weight of the evidence in the presence of the jury. Appellant argues that the trial judge took an adversarial position against appellant in the presence of the jury and implied that appellant was engaging in unethical or illegal conduct when he told appellant, "You can't do that," after appellant asked a witness a question.

 The standard of review for a trial court's denial of a motion for mistrial is abuse of discretion. *Ladd v. State,* 3 S.W.3d 547, 567 (Tex.Crim.App.1999). A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *See Sewell v. State,* 696 S.W.2d 559, 560 (Tex.Crim.App. 1983). Thus, a trial court may properly exercise its discretion to declare a mistrial if a verdict of conviction could be reached, but would have to be reversed on appeal due to an obvious procedural error in the trial. *Id.* The determination of whether a given error necessitates a mistrial must be made by examining the particular facts of the case. *Hernandez v. State,* 805 S.W.2d 409, 413–414 (Tex.Crim.App.1990).

 To preserve a complaint for appellate review, a defendant must make a timely, specific objection to the trial court. TEX.R.APP. P. 33.1(a); *Rhoades v. State,* 934 S.W.2d 113, 119 (Tex.Crim.App.1996). A party's failure to object generally waives all error unless the statement is so prejudicial that no instruction could have cured the harm. *Higdon v. State,* 764 S.W.2d 308, 310 (Tex.App.-Houston [1st Dist.] 1988, pet. ref'd). The complaining party must object at the earliest possible opportunity and must obtain an adverse ruling. *Dixon v. State,* 2 S.W.3d 263, 265 (Tex. Crim.App.1998). The objection will be sufficient to preserve error for appellate review if the objection communicates to the trial judge what the objecting party wants, why the objecting party thinks himself or herself entitled to relief, and does so in a manner clear enough for the judge to understand the objection and request at a time when the trial court is in a position to do something about it. *Lankston v. State,* 827 S.W.2d 907, 909 (Tex.Crim.App.1992).

Appellant claims the trial court commented on the weight of the evidence in the presence of the jury when it told appellant, "You can't do that," when appellant attempted to ask Dailey questions concerning Defendant's Exhibit No. 10–A, a certified copy of Plaintiff's Original Petition pleading in Dailey's civil lawsuit against the Western Inn Motel where the offense occurred.

The record reflects the following exchange at trial between the State and complainant Jeffrey Dailey:

[Defense counsel]: Let me stop you for a minute. You're trying to be a lawyer?

[Complainant]: Yes, sir.

[Defense counsel]: Do you know how important it is to tell the truth?

(Looking at document)

[Complainant]: Yes, sir.

[Defense counsel]: And everything you told this jury has been the absolute truth?

[Complainant]: Yes, sir.

[Defense counsel]: Nothing have you lied about?

[Complainant]: Not one thing.

[Defense counsel]: And you didn't lie to Mr. Ellis [attorney who drafted the original petition in Dailey's civil lawsuit] either, did you?

[Complainant]: No, sir, I didn't lie to Mr. Ellis.

[Defense counsel]: So those two stories should be exactly the same?

[Complainant]: Yes.

[Defense counsel]: Okay. Did you tell them after approximately two hours of struggling with—

[Court]: Just a minute. Approach the bench, please. Bring it with you.

As the attorneys approached the bench, the trial court directed appellant to bring the document he was reading from and allegedly made the comment, "You can't do that." However, this comment is not reflected in the trial court record.

The next day, appellant complained of the trial judge's alleged comment.[7] Although the trial court and the prosecutor recalled that the comment was made outside the hearing distance of the jury after both attorneys had reached the bench, appellant insisted that the judge made the comment when the jury was still in the jury box. Appellant, nevertheless, informed the trial court of his intention to object in the presence of the jury and ask the court for an instruction to the jury to disregard the trial court's comment. However, once the jury was again seated

that day, no objection was made. Appellant did not object or ask for an instruction to disregard in the presence of the jury until the next morning, two days after the incident.[8] At this time, the trial court instructed the jury to disregard the comment, but the court denied appellant's subsequent motion for a mistrial.

Appellant's trial objection was one day too late, and, thus, not timely because appellant did not object at the earliest possible opportunity. We hold appellant has failed to preserve error for appellate review of the trial court's comment that occurred allegedly in the presence of the jury.

Accordingly, we overrule appellant's third point of error.

## CONCLUSION

We affirm the judgment of the trial court.

En banc consideration was requested, and a majority of the Court voted for en banc consideration of the panel's decision.

---

**7.** Appellant's first objection, which was made the day after the comment was allegedly made, was as follows:

[Defense counsel]: And I will tell you that, "You can't do that," did not make it into the record.

[Court]: I remember I said that after we were up here outside the hearing of the jury.

[Defense counsel]: Judge, I will tell you why. I was in—I was in mid step about right here when you said that, and I was extremely surprised. And that's the reason I remember it, and I will tell you it is not in the record.

**8.** The day after his objection to the trial court, appellant objected in the presence of the jury:

[Defense counsel]: I object to a comment on the weight of the evidence that the Court made at the close of evidence on Tuesday that I brought to the Court's attention first thing Wednesday morning, in which I'm asking the Court to instruct the jury to

disregard the Court's statements and actions in calling me to the bench at that point in time and anything the Court said in regard to that in the presence of the jury.

[Court]: Since you are referring to something that occurred two days ago, are you asking me to refresh the jury's memory as to exactly what the words were that were said, which I will do if you're asking.

[Defense counsel]: No, Judge, I—something occurred that I believe the jury should not know about it. I would ask that they disregard it. I would seem to be shooting myself in the foot to re-ring the bell, so to speak, by telling them what it was.

[Court]: I'm just trying to figure out how the jury is going to try to remember what the last—

[Defense counsel]: Simply, Judge, instruct them.

[Court]:—words that were said on Tuesday afternoon. This being Thursday and all.

[Defense counsel]: If they do remember, please instruct them to disregard it. If they don't, it wouldn't be a problem.

En banc Court consists of Chief Justice RADACK and Justices TAFT, NUCHIA, JENNINGS, KEYES, ALCALA, HANKS, HIGLEY, and BLAND.

Justice JENNINGS, concurring to the en banc decision.

TERRY JENNINGS, Justice, concurring.

Under the doctrine of stare decisis, we should overrule a previous holding of this Court only for very important reasons and after careful deliberation. After such deliberation, I agree with the en banc court that we should overrule this Court's holding in *Willover v. State*,[1] which extended Texas Rule of Evidence 801(e)(2)[2] "party" status from law enforcement officials, who are agents of the State, to complaining witnesses, who are not.

The main purpose in excluding hearsay evidence is its inherent unreliability in assisting the fact finder in ascertaining the truth. There are essentially four " 'hearsay dangers'—faulty perception, faulty memory, accidental miscommunication, and *insincerity*." Olin Guy Wellborn III & Cathleen C. Herasimchuk, *Article VIII: Hearsay*, 30 HOUS. L.REV. 897, 898 (1993) (Texas Rules of Evidence Handbook) (emphasis added) (footnote omitted). We, therefore, exclude from evidence various statements not presented under controlled courtroom conditions.

An admission by a party opponent is not considered hearsay and is not excluded because "the *party* is 'estopped' from making the ironic claim that his own remarks are untrustworthy unless made under the ideal testimonial conditions." Wellborn & Herasimchuk, *Article VIII: Hearsay*, 30 HOUS. L.REV. 897, 899 (emphasis added); *see Godwin v. State*, 899 S.W.2d 387, 390

(Tex.App.-Houston [14th Dist.] 1995, pet. ref'd).

In *Willover*, this Court concluded that the State is merely "technically" or "nominally" a party. 38 S.W.3d at 676. At first glance, it might appear that a complaining witness, like a plaintiff in a civil case, would fit into this category of being a "party." However, unlike in civil matters, in which a plaintiff and his agents are clearly parties with control over their litigation, a complaining witness is too often at the mercy of the criminal justice system.

Criminal cases are inherently different from civil cases. A party in a civil case has control over the case, but a complaining witness does not. A plaintiff can decide when and whom to hire as counsel and, with the advice of counsel who represents him, when and how to initiate a lawsuit or settle it. A plaintiff has the ability to give input and make decisions regarding the development, prosecution, and presentation of her case. A complaining witness in a criminal case simply does not have this control. In fact, crime victims are so different that the Legislature has statutorily enacted certain "Crime victims' rights." *See* TEX.CODE CRIM. PROC. ANN. art. 56.02 (Vernon Supp.2004–2005). Acknowledging the very weak position of crime victims in our criminal justice system, these basic rights include adequate protection, return of the victim's property, and notice and information requirements. *Id.*

Criminal actions are brought "[i]n the name and by authority of the State of Texas." TEX.CODE CRIM. PROC. ANN. arts. 21.02, 21.21 (Vernon 1989). This is no mere legal fiction nor technicality. The

---

1. 38 S.W.3d 672 (Tex.App.-Houston [1st Dist.] 2000), *rev'd*, 70 S.W.3d 841 (Tex.Crim.App. 2002).

2. Tex.R. Evid. 801(e)(2).

prosecutor makes the charging decision, not the complaining witness. The prosecutor represents the State, not the complaining witness. Criminal cases are brought only after investigation by peace officers, prosecutors, and, in felony cases, grand juries, whose roles are clearly defined by statute. *See* TEX.CODE CRIM. PROC. ANN. arts. 2.01–2.26, 19.01–19.42, 20.01–20.22 (Vernon 1977 & Supp.2004–2005).

A complaining witness is neither an agent nor servant of the State, but simply a witness, who has absolutely no control over when and how a criminal case is brought and developed by the State. For example, sexual assault and family violence victims are often, unfortunately, very reluctant to come forward and initiate an investigation against a spouse, partner, parent or other relative. Often, these victims are compelled by the State to give statements against a person upon whom they completely depend. It would be incongruous to allow such statements into evidence as party opponent admissions when they are often made by very reluctant complainants under untrustworthy conditions.

Because the State, not the complaining witness, is in fact the party opponent of the accused and the complaining witness is not an agent of the State, I agree with the en banc court that out-of-court statements made by the complaining witness are not admissible against the State under Rule 801(e)(2). *Owens v. State*, 916 S.W.2d 713, 717–18 (Tex.App.-Waco 1996, no pet.); *Halstead v. State*, 891 S.W.2d 11, 12–13 n. 1 (Tex.App.-Austin 1994, no pet.); *see* 2A STEVEN GOODE ET AL., TEXAS PRACTICE: COURTROOM HANDBOOK ON TEXAS EVIDENCE 444 (2000). As I stated in my dissent from the denial of en banc review in *Willover,* this Court's contrary holding was in serious error. 38 S.W.3d at 686. Accordingly,

I further agree with the en banc court's decision to overrule that holding.