

# IN THE
# TENTH COURT OF APPEALS

## No. 10-13-00028-CR

**DAVID HONEYCUTT,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 19th District Court
McLennan County, Texas
Trial Court No. 2011-1926-C1**

## MEMORANDUM OPINION

David Honeycutt appeals from his convictions for continuous sexual abuse of a child and indecency with a child. *See* TEX. PEN. CODE ANN. §§ 21.02, 21.11 (West 2011). In one issue, Honeycutt complains that the trial court made an improper comment on the weight of the evidence during the punishment phase of the trial. Because we find that this complaint was not properly preserved, we affirm the judgments of the trial court.

During his closing argument in the punishment phase of the trial, counsel for Honeycutt stated, "…but you also didn't hear anything about any convictions…" Counsel for the State asked to approach the bench and a discussion was conducted outside of the presence of the jury. The State objected to what it mistakenly believed was a misrepresentation by Honeycutt's trial counsel that he did not have any prior convictions. Honeycutt's trial counsel stated that he was merely stating what the evidence in the record showed. The State had chosen not to introduce evidence of Honeycutt's prior convictions during the trial, but asked the trial court to reopen the evidence in order for the State to introduce them at that time. The trial court denied the State's request to reopen, but stated that he thought that a false impression had been created that there were no convictions. When back in front of the jury, the State made an objection to what it believed was Honeycutt's assertion that he had no convictions. The trial court sustained the objection and "instruct[ed] the jury to disregard the comment of defense counsel to the effect that the defendant has no convictions." Honeycutt did not object to this instruction to disregard.

Honeycutt complains that the trial court erred both as a matter of due process and as a violation of article 38.05 of the code of criminal procedure by commenting on the weight of the evidence before the jury regarding his prior convictions, which were not in evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 38.05 (West 1979) (providing that, before the return of the verdict, the trial judge shall not "make any remark calculated to

convey to the jury his opinion of the case"). The State argues that Honeycutt's failure to object to the trial court's instruction to disregard waived any error.

*Preservation of Error*

"Preservation of error is a systemic requirement on appeal." *Ford v. State*, 305 S.W.3d 530, 532 (Tex. Crim. App. 2009) (footnote omitted). If an issue has not been preserved for appeal, we will generally not address its merits. *Id*.; *see also* TEX. R. APP. P. 33.1(a). Outside the context of objections to the jury charge, it is well-settled that a party must object to preserve an argument that a statement made by the trial court before a jury constitutes an erroneous comment on the weight of the evidence. *See, e.g., Arredondo v. State*, No. 05-11-01679-CR, 2013 Tex. App. LEXIS 8683 at *11 (Tex. App.—Dallas July 12, 2013, no pet. h.); *Williams v. State*, 191 S.W.3d 242, 251 (Tex. App.—Austin 2006, no pet.); *Davis v. State*, 177 S.W.3d 355, 362-64 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (en banc).

Honeycutt does not argue that the trial court's statement constituted fundamental error which would not require preservation, nor do we believe that the trial court's statement would rise to the level of fundamental error. *See, e.g., Blue v. State*, 41 S.W.3d 129 (Tex. Crim. App. 2000) (plurality op.). We overrule Honeycutt's sole issue because it was not preserved in the trial court.

*Conclusion*

We affirm the judgments of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed October 17, 2013
Do not publish
[CRPM]