**AFFIRM; and Opinion Filed November 8, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01281-CR

**RODNEY CRAIG KORNEGAY, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 11CL-0501-2**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice O'Neill

The State charged appellant Rodney Craig Kornegay, by information, with three separate drug offenses: (1) intentionally and knowingly possessing a dangerous drug, namely celecoxib, without a prescription; (2) intentionally and knowingly possessing a dangerous drug, namely, promethazine hydrochloride, without a prescription; and (3) intentionally and knowingly possessing marijuana in an amount of two ounces or less. The State later amended the indictment based on previous misinformation. The amended indictment charged appellant with (1) intentionally and knowingly possessing a dangerous drug, namely promethazine, without a prescription; (2) knowingly possessing a controlled substance, "namely, a material, compound, mixture, or preparation in an amount of less than 28 grams, that contained not more than 300 milligrams of dihydrocodeine, or any of its salts, per 100 milliliters or not more than 15

milligrams in dosage unit . . .”; and (3) intentionally and knowingly possessing a usable quantity of marijuana in an amount of two ounces or less.

After the jury heard evidence relating to count two but before the State and defense closed their cases, the State filed a motion to abandon count two in the information. Defense counsel stated on the record he had no objection to the State abandoning the issue. The trial court granted the State’s motion to abandon.

After two more State’s witnesses testified, appellant moved for a mistrial, arguing the jury had become unfairly biased against appellant because of prejudicial and confusing evidence regarding count two. The trial court overruled appellant’s motion for mistrial.

The jury subsequently acquitted appellant of count one, but convicted him on count three for intentionally and knowingly possessing a usable amount of marijuana. The jury assessed punishment at 180 days confinement in county jail and a $2,000 fine.

In a single issue, appellant argues his constitutional right to a fair trial by an unbiased jury was violated when the jury heard evidence relating to an offense the State later abandoned. We affirm the trial court’s judgment.

To preserve error for appellate review, a defendant must lodge a timely, specific objection. TEX. R. APP. P. 33.1(a)(1). Further, the complaining party must object at the earliest possible opportunity and obtain an adverse ruling. *Davis v. State*, 177 S.W.3d 355, 363 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

The record shows appellant first stated he had no objection to the abandonment of count two in the information. Only after two more State witnesses testified did he object and move for a mistrial. Appellant failed to object at the earliest possible opportunity to allow the trial court to consider his complaint. And although appellant has framed his issue as a constitutional one, which we question, constitutional issues may be waived by failing to timely raise the issue at

trial.  *See Briggs v. State*, 789 S.W.2d 918, 924 (Tex. Crim. App. 1990); *Lytle v. State*, No. 05-10-01134-CR, 2012 WL 266450, at *1 (Tex. App.—Dallas Jan. 31, 2012, no pet.) (mem. op., not designated for publication).   Accordingly, appellant's sole issue is overruled.  We affirm the trial court's judgment.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

121281F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY CRAIG KORNEGAY, Appellant

No. 05-12-01281-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
No. 2, Kaufman County, Texas
Trial Court Cause No. 11CL-0501-2.
Opinion delivered by Justice O'Neill.
Justices Lang-Miers and Evans participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 8th day of November, 2013.

/Michael J. O'Neill/

MICHAEL J. O'NEILL
JUSTICE