.





 


 

In The

Court of Appeals

For The

First District of Texas


__________


NO. 01-06-00866-CR


__________


IVAN XAVIER ESPARZA, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 339th District Court

Harris County, Texas

Trial Court Cause No. 1021509





MEMORANDUM OPINION


 A jury convicted appellant, Ivan Xavier Esparza, of aggravated robbery, and
the trial court assessed punishment at 55 years' confinement. See Tex. Pen. Code
Ann. § 29.03 (Vernon 2003). In two points of error, appellant contends the evidence
was legally and factually insufficient to show that he committed aggravated robbery. 
We affirm.

BACKGROUND

 On the evening of November 6, 2004, complainant, Jesse Zorbas, and his eight-year-old brother, Max, were returning home. As Jesse turned into their driveway, he
saw a white van pull into the driveway behind him. At the time, Jesse thought
someone in the van was dropping off his little sister, so he got out of his car and
began walking toward the van. When Jesse saw appellant get out of the van, he
became suspicious and began to return to his car. Before Jesse could get back into
his car, appellant ran toward Jesse and the two men began to struggle. Jesse testified
that there was some natural light remaining, as well as two motion sensor lights and
a street light, illuminating the area. As a result, he was able to get a good look at
appellant before the struggle. At trial, Jesse testified that he was "absolutely positive"
that appellant was the man with whom he had struggled. 

 As the struggle began, Jesse yelled for his little brother to run to the house. 
Though the struggle between appellant and Jesse only lasted approximately six to
seven seconds, Jesse testified that he clearly saw appellant's face. During the
struggle, as a second person from the van approached, appellant stabbed Jesse in the
neck and the arm with a knife. Jesse then started to run away, but was stabbed in the
back. Jesse did not see who stabbed him in the back, but he was "fairly sure" it was
appellant. Jesse also saw appellant get into the driver seat of Jesse's car. Appellant
then told him, "Don't try anything. I have a gun," and then backed out of the
driveway in Jesse's car.

 Several hours after the robbery, appellant was apprehended driving the stolen
vehicle. A knife was later recovered from the stolen vehicle, but no fingerprints were
recovered from the knife or the vehicle. 

 Within twelve hours of the robbery, police officers came to the hospital to
show Jesse a video lineup, which included appellant. (1) Before the police arrived, Jesse
had an allergic reaction to iodine, and the medicine he was given to treat the reaction
had made him drowsy. The police admonished Jesse on the procedure of identifying
a suspect and then showed him the video lineup. At trial, he testified that, because
he was drowsy and could not see the television well, at that time he was only 90
percent sure that appellant was the person who had committed the robbery. Jesse
testified that he was being extra cautious when he tentatively identified appellant, and
that he believed that he would later be able to see the lineup in person.

 In March 2005, Jesse went to a police station to view a live lineup, and this
time he positively identified appellant as the person who committed the robbery. 
Jesse's brother Max, however, was unable to identify appellant and told the officer
who conducted the lineup that he did not get a good look at the men's faces. The
officer testified that appellant was the only person to appear in both the video and live
lineups.

SUFFICIENCY OF THE EVIDENCE

 In points of error one and two, appellant contends that the evidence was legally
and factually insufficient to support the verdict that appellant committed the offense
of aggravated robbery.

Standard of Review

 In reviewing a legal-sufficiency challenge, we view the evidence in the light
most favorable to the verdict to determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. King v.
State, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000); Johnson v. State, 23 S.W.3d 1,
7 (Tex. Crim. App. 2000). When conducting a factual-sufficiency review, we view
all of the evidence in a neutral light. Cain v. State, 958 S.W.2d 404, 408 (Tex. Crim.
App. 1997). We will set the verdict aside only if (1) the evidence is so weak that the
verdict is clearly wrong and manifestly unjust or (2) the verdict is against the great
weight and preponderance of the evidence. Johnson, 23 S.W.3d at 11. Under the
first prong of Johnson, we cannot conclude that a conviction is "clearly wrong" or
"manifestly unjust" simply because, on the quantum of evidence admitted, we would
have voted to acquit had we been on the jury. Watson v. State, 204 S.W.3d 404, 417
(Tex. Crim. App. 2006). Under the second prong of Johnson, we cannot declare that
a conflict in the evidence justifies a new trial simply because we disagree with the
jury's resolution of that conflict. Id. Before finding that evidence is factually
insufficient to support a verdict under the second prong of Johnson, we must be able
to say, with some objective basis in the record, that the great weight and
preponderance of the evidence contradicts the jury's verdict. Id. In conducting a
factual-sufficiency review, we must also discuss the evidence that, according to the
appellant, most undermines the jury's verdict. See Sims v. State, 99 S.W.3d 600, 603
(Tex. Crim. App. 2003).

 We may not re-weigh the evidence and substitute our judgment for that of the
fact-finder. King, 29 S.W.3d at 562. The fact-finder alone determines what weight
to place on contradictory testimonial evidence because that determination depends
on the fact-finder's evaluation of credibility and demeanor. Cain, 958 S.W.2d at
408-09. As the determiner of the credibility of the witnesses, the fact-finder may
choose to believe all, some, or none of the testimony presented. Id. at 407 n. 5.

Aggravated Robbery 

 A person commits the offense of aggravated robbery if, in the course of
committing theft he (1) intentionally or knowingly, or recklessly causes bodily injury
to another or (2) intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death, and (3) causes serious bodily injury to another or (4)
uses or exhibits a deadly weapon. See Tex. Pen. Code Ann. §§ 29.02(a)(1),(2),
29.03(a)(1), (2) (Vernon 2003).

 Legal sufficiency

 Here, the evidence, viewed in the light most favorable to the verdict,
established the elements of the offense of aggravated robbery. Jesse testified that he
struggled with appellant, and that appellant stabbed him at least twice with a knife,
causing wounds requiring three days of hospitalization. See Miller v. State, 177
S.W.3d 1, 4 (Tex. App.--Houston [1st Dist.] 2004, no pet.) ("Although a knife is not
a deadly weapon per se, a knife can be found to be a deadly weapon based on the
nature of its use or intended use."). Jesse also testified that he could see appellant
clearly because there was still some natural light as well as two motion sensor lights
and a street light that allowed him to see appellant, and that following the struggle,
appellant took his vehicle. A conviction may be based on the testimony of a single
eyewitness. Aguilar v. State, 468 S.W.2d 75, 77 (Tex. Crim. App. 1971); Davis v.
State, 177 S.W.3d 355, 359 (Tex. App.--Houston [1st Dist.] 2005, no pet.). 
Additionally, appellant was apprehended driving Jesse's vehicle several hours after
the robbery, and a knife was found in the center console of the vehicle. The
unexplained possession of property recently stolen in a robbery permits an inference
that the defendant is the one who committed the robbery. See Poncio v. State, 185
S.W.3d 904, 905 (Tex. Crim. App. 2006). We hold that a rational jury could have
concluded from this evidence that appellant committed the offense of aggravated
robbery. As such, the evidence is legally sufficient. We overrule point of error one.

 Factual sufficiency

 In support of his factual-insufficiency claim, appellant argues that there was
insufficient evidence to show that appellant committed this aggravated robbery. 
Appellant points out that the only evidence connecting him to the robbery was Jesse's
testimony and the fact that he was driving Jesse's stolen vehicle. (2) Appellant
emphasizes that Jesse's identification was several months after the robbery and that
the other witness, Jesse's younger brother, Max, was unable to identify appellant. 
Appellant also contends that because there were three other passengers in the stolen
vehicle when appellant was apprehended, he was not in exclusive possession of the
vehicle. 

 Again, it is well established that a conviction may be based on the testimony
of a single witness. See Aguilar, 468 S.W.2d at 77; Davis, 177 S.W.3d at 359. As
discussed above, Jesse testified that he could clearly see appellant's face, that
appellant stabbed him at least two times, and that appellant took his vehicle. Such
testimony alone could be sufficient evidence that appellant robbed Jesse. See Davis,
177 S.W.3d at 359. Jesse also testified at trial that he was "absolutely positive" that
appellant was the man who attacked him. 

 Appellant points out that Max was unable to identify appellant in a lineup, but
Max admitted that he did not get a good look at appellant's face and that he did not
see much of what happened. Jesse on the other hand, testified that he clearly saw
appellant's face when he exited the van, during their struggle, and when appellant
was leaving with the stolen vehicle. The jury is the exclusive judge of the facts, the
credibility of the witnesses, and the weight to be given to the witnesses' testimony. 
Jaggers v. State, 125 S.W.3d 661, 672 (Tex. App.--Houston [1st Dist.] 2003, pet.
ref'd). As such, Max's testimony that he could not identify appellant does not render
Jesse's testimony against the great weight and preponderance of the evidence.

 In addition to the testimony of Max and Jesse, the State presented evidence that
appellant was apprehended only a few hours after the robbery while driving the stolen
vehicle. Again, the unexplained possession of property recently stolen in a robbery
permits an inference that the defendant is the one who committed the robbery. See
Poncio, 185 S.W.3d at 905. Appellant presented no evidence explaining his
possession of the stolen vehicle. In addition, a knife was found in the center console
of the stolen vehicle. Also, appellant relies on the fact that there were other
individuals riding in the stolen vehicle at the time appellant was apprehended. 
Though this evidence may weigh in appellant's favor, it does not make the remaining
evidence so weak so as to undermine the jury's determination. 

 The State's evidence is not so weak that the verdict is clearly wrong and
manifestly unjust. Similarly, after viewing all the evidence, we hold that the verdict
is not against the great weight and preponderance of the evidence. Accordingly, we
further hold that the evidence was factually sufficient. We overrule point of error
two.

CONCLUSION


 We affirm the judgment.




 Sherry Radack


 Chief Justice


Panel consists of Chief Justice Radack and Justices Alcala and Bland.


Do not publish. Tex. R. App. P. 47.2(b).
1. Appellant does not challenge the propriety of the videotaped lineup, and we
discuss it only because appellant relies on it in his sufficiency challenges.
2. Appellant argues that evidence in the punishment phase of the trial of a crime
previously committed by appellant indicates that appellant's modus operandi
was more like purse-snatcher. Because this evidence was not before the jury
during the guilt/innocence phase this evidence is not relevant and will not be
addressed.