Opinion issued December 11, 2008










In The

Court of Appeals

For The

First District of Texas






NO. 01-07-00628-CR






JACKIE CORNELIUS HAWKINS, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1049249






MEMORANDUM OPINION

 The jury convicted appellant, Jackie Cornelius Hawkins, of sexual assault
of a child and assessed punishment at imprisonment for 10 years, suspended, and
placed him on community supervision for 10 years. See Tex Penal Code Ann.
§ 22.021(a)(B)(i) (Vernon Supp. 2008). Appellant contends that the trial court erred
in admitting evidence of prior misconduct that he allegedly committed against the
complainant.

 We affirm.

Background


 C.C., the complainant, lived with appellant, who was her stepfather, her
mother, two sisters, a brother, a cousin, and her stepbrother, who was two years older
than C.C. C.C. trusted appellant, whom she regarded as her father. In August 2005,
appellant discovered that C.C., who was 15 years old at the time, and her stepbrother
had been engaged in a sexual relationship. One night, appellant overheard C.C. and
her stepbrother. C.C.'s stepbrother left C.C.'s bedroom moments before appellant
entered. When appellant entered, C.C. was lying naked under "a cover." C.C. denied
"doing anything," but appellant pulled the cover off of her and touched her "private
area." Then, he told her to put her clothes on and took her for a drive. When
appellant stopped the car, he told C.C. to pull her pants down. C.C. cried and refused,
and appellant relented as a man walked past the car. Before returning home,
appellant questioned her about her sexual relationship with her stepbrother.

 A couple of weeks later, C.C. returned home after the first day of school,
and appellant sent the other children outside to do some chores. He called C.C. into
his bedroom. He told her that she was supposed to tell her mother about her
relationship with her stepbrother. C.C. cried and protested; she did not want to get
into trouble with her mother. Appellant asked her what she thought her punishment
should be, and C.C. responded that she should mow the grass. Appellant said this
would arouse her mother's suspicions, but he told C.C. she did not have to confess
her relationship with her stepbrother to her mother.

 Instead, appellant said he would teach C.C. "how to be grown," and he told
her to pull down her pants. C.C. testified that appellant said, "When parents catch
their kids smoking cigarettes, then they make them smoke a whole pack of cigarettes. 
When they catch them drinking beer, they make them drink a whole pack of beer."
Appellant then had sex with her against her will, telling her to be quiet as she
protested. Afterwards, appellant washed up in the bathroom, gave C.C. a Bible to
read, and told C.C. that he was sorry and wanted to "start over."

 In November, appellant again interrupted C.C. and her stepbrother while
engaged in sexual relations. Appellant threw his son out of C.C.'s bed, and in the
ensuing commotion, C.C. told her mother that she had been having sex with her
stepbrother. She also told her mother that appellant had raped her on the first day of
school. C.C.'s mother called the police. 

 Appellant did not testify at trial. His entire defensive theory was that C.C.
lied about the rape to avoid punishment for having a sexual relationship with her
stepbrother. After vigorous cross-examination as to C.C.'s credibility, the State
argued that the defense had opened the door to extraneous acts of misconduct:
specifically, prior instances of molestation against both C.C. and her younger sister,
K.C. Appellant objected under Rules of Evidence 404(b) and 403. After a hearing
outside the presence of the jury, the trial court ruled that the probative value of the
proffered testimony was not substantially outweighed by the risk of unfair prejudice
under Rule 403 and allowed the introduction of extraneous offense testimony.

 C.C. testified that when she was 11 or 12 years old, appellant touched her
"private area" under her swimsuit while playing in the pool. She also testified that
appellant had touched her "bottom" once in the living room and her "breasts" another
time in appellant's bathroom. K.C. testified that when she was 11 or 12 years old,
appellant touched her vagina after confronting her about a sexually suggestive letter
she had written to a boy.

 Although appellant did not testify, C.C.'s and K.C.'s mother, grandmother,
and maternal aunt each testified that both C.C. and K.C. had a bad reputation for
telling the truth and that appellant had a good reputation for the safe and moral
treatment of children. In addition, C.C.'s mother testified that she would have
"whooped" C.C. as punishment for her sexual relationship with her stepbrother.

 The jury found appellant guilty of sexual assault and sentenced him to ten
years community supervision. Appellant's sole appellate issue is that "the trial court
erred in admitting evidence of prior extraneous conduct allegedly committed by
appellant against the complainant." (1)

Standard of Review

 We review a trial court's admission of extraneous offense evidence for
abuse of discretion. Dennis v. State, 178 S.W.3d 172, 177 (Tex. App.--Houston [1st
Dist.] 2005, pet. ref'd) (citing Moses v. State, 105 S.W.3d 622, 627 (Tex. Crim. App.
2003)). We will affirm as long as the trial court's ruling was within the zone of
reasonable disagreement. Moses, 105 S.W.3d at 627. "A trial court's ruling will be
upheld if reasonably supported by the record and correct on any theory of law
applicable to the case." Davis v. State, 177 S.W.3d 355, 359 (Tex. App.--Houston
[1st Dist.] 2005, no pet.) (citing Willover v. State, 70 S.W.3d 841, 845 (Tex. Crim.
App. 2002)).


Extraneous Offense Testimony

 Appellant's sole defensive theory was that C.C. fabricated her allegations
about the sexual assault to avoid punishment for her relationship with her stepbrother. 
Appellant argues that the testimony about his extraneous offenses against C.C. is
inadmissible character evidence. See Tex. R. Evid. 404(b). He argues that there was
no contested issue regarding any of the 404(b) exceptions and extraneous offense
evidence cannot be admitted to rebut a fabrication defense.

 However, in a sexual assault case with a complainant under seventeen years
of age, the Code of Criminal Procedure provides, 

 Notwithstanding Rules 404 and 405, Texas Rules of Evidence,
evidence of other crimes, wrongs, or acts committed by the defendant
against the child who is the victim of the alleged offense shall be
admitted for its bearing on relevant matters, including:


 (1) the state of mind of the defendant and the child; and

 (2) the previous and subsequent relationship between the
defendant and the child.


Tex. Code Crim. Proc. Ann art. 38.37, § 2 (Vernon Supp. 2008). Section two of
article 38.37 supersedes the application of Texas Rule of Evidence 404. Howland v.
State, 966 S.W.2d 98, 103 (Tex. App.--Houston [1st Dist.] 1998), aff'd on other
grounds, 990 S.W.2d 274 (Tex. Crim. App. 1999). 

 In this case, C.C. testified that appellant fondled her several times,
beginning at age 11 or 12. C.C.'s testimony was relevant to the state of mind of C.C.
and appellant, as well as to the previous relationship between them. We hold that the
trial court did not err in admitting the evidence. See Tex. Code Crim. Proc. Ann.
art. 38.37, § 2.

 We overrule appellant's sole issue.

Conclusion


 We affirm the judgment of the trial court. 



 Sam Nuchia

 Justice


Panel consists of Chief Justice Radack and Justices Nuchia and Higley.

Do not publish. Tex. R. App. P. 47.2(b). 
1. Appellant does not challenge the admission of evidence of his prior misconduct with C.C.'s
younger sister, K.C.