Opinion issued August 4, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-10-00536-CR, 01-10-00537-CR, 01-10-00538-CR

———————————

Christopher G. Tolbert, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 12th District Court

Grimes County, Texas



Trial Court Case No. 16,604 (Counts I, II, III)

 



 

MEMORANDUM OPINION

          A
jury convicted appellant Christopher G. Tolbert on three counts of aggravated
robbery, a first degree felony.  See Tex.
Penal Code Ann. § 29.03 (West 2011). 
The trial court assessed punishment at 60 years in prison on each count,
to run concurrently.  On appeal, Tolbert
challenges the legal sufficiency of the evidence to show that he robbed a bank.  He also claims the trial court erred by taking
judicial notice of an incomplete presentence investigation report.  We affirm the convictions.

Background

On a Thursday afternoon in August,
a black man wearing gloves, a long-sleeved shirt, and a green or yellow
reflective vest entered the First National Bank of Anderson.  It was approximately 15 minutes before the
bank was scheduled to close.  The man
wore sunglasses, and his head was wrapped in a bandana and covered with a
cap.  He carried a piece of PVC pipe and had
a black trash bag tucked into his waistband. 
He approached lobby teller Shellie Coronado, pointed a semiautomatic gun
at her face, and demanded money.  Then he
demanded money from each of the other two lobby tellers, Rachel Wells and Dawn
Polansky, as he held them at gunpoint. 
They each gave him money.

The next day an investigator showed
a photographic lineup to each of the tellers.  Coronado and Polansky immediately identified
Tolbert as the robber.  Wells identified
someone other than Tolbert, though she testified at trial that she had narrowed
her choices down to Tolbert and the person she chose.  All three tellers identified Tolbert in open
court as the man who robbed them.

At trial, the State introduced
additional evidence linking Tolbert to the crime, including videorecordings and
testimony from witnesses placing Tolbert near the bank before and after the
robbery, and also connecting him to a co-conspirator who was tried
separately.  On cross-examination of the
witnesses—particularly the bank
tellers—defense counsel focused on
discrepancies among their contemporaneous descriptions and later recollections of
the robber.

The jury found Tolbert guilty on
each of three counts of aggravated robbery. 
At the punishment phase, the State offered testimony from the probation
officer who prepared the presentence investigation report.  The probation officer testified that the
report was incomplete as to Tolbert’s social history because Tolbert refused to
cooperate.

Analysis

I.                 
Legal sufficiency

In his first issue, Tolbert
contends that the evidence was legally insufficient to prove that he was the
robber.  Tolbert argues that the lack of
physical evidence connecting him to the crime and the discrepancies in the
witnesses’ testimony make the evidence legally insufficient.

When evaluating the legal
sufficiency of the evidence, we view the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  Jackson
v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Drichas v. State, 175 S.W.3d 795, 798
(Tex. Crim. App. 2005).  The standard is
the same for both direct and circumstantial evidence cases. King v. State, 895 S.W.2d 701, 703 (Tex.
Crim. App. 1995).  We do not resolve any
conflict of fact, weigh any evidence, or evaluate the credibility of any
witnesses, as this is the function of the trier of fact.  See
Dewberry v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  The testimony of a single eyewitness may constitute
legally sufficient evidence to support a conviction.  Davis v.
State, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.)
(citing Aguilar v. State, 468 S.W.2d
75, 77 (Tex. Crim. App. 1971)).

A person commits aggravated robbery
when he commits robbery and uses or exhibits a deadly weapon.  Tex.
Penal Code Ann. § 29.03.  A person
commits robbery if, in the course of committing theft and with intent to obtain
or maintain control of the property, he intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death.  Id.
§ 29.02(a)(2) (West 2011).  A person
commits theft if he unlawfully appropriates property with the intent to deprive
the owner of the property.  Id. § 31.03(a) (West 2011).

Tolbert argues on appeal that the
lack of physical evidence makes the evidence legally insufficient to support
his conviction.  But the three
complainants in this case positively and unequivocally identified Tolbert in
court as the robber, and the jury had before it photographic evidence taken at
the time of the robbery.  This evidence
is legally sufficient to support Tolbert’s conviction.  See Davis,
177 S.W.3d at 359.  Tolbert also argues
that the conflicting evidence, particularly regarding the descriptions of the
robber, make the evidence legally insufficient to support his conviction.  However, it is the jury that resolves
conflicting evidence.  See Dewberry, 4 S.W.3d at 740.  Viewing the evidence in the light most
favorable to the verdict, we conclude that a rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  See Jackson, 443 U.S. at 319, 99 S. Ct. at
2789; Drichas, 175 S.W.3d at 798.  We overrule Tolbert’s first issue.

II.              
Judicial notice of presentence investigation report

In his
second issue, Tolbert argues that the trial court erred by taking judicial
notice of the presentence investigation report, which was incomplete.  The taking of judicial notice is within the
discretion of the trial court and will not be overturned absent an abuse of
that discretion.  See Figueroa v. State, 250 S.W.3d 490, 504 (Tex. App.—Austin 2008, pet.
ref’d); Rodriguez v. State, 90 S.W.3d
340, 359 (Tex. App.—El Paso 2001, pet. ref’d).  Absent an objection, a trial court may take
judicial notice of facts included in the PSI. 
Brewer v. State, No. 1270-03,
2004 WL 3093224, at *3 (Tex. Crim. App. May 19, 2004) (mem. op., not designated
for publication).  As explained by the
Court of Criminal Appeals:

The purpose of compiling a
PSI is to fully inform the trial court of the circumstances of the offense, the
defendant’s background, education, prior offenses, and prospects for
rehabilitation, and the harm, if any, caused to the victim of a crime.  There would be little purpose in compiling
this report if the trial judge cannot rely upon the information contained
within it.  Because the Texas Legislature
gave the defendant an explicit statutory right and opportunity to object to the
factual accuracy of its contents and to correct any mistakes or misstatements,
it surely intended that the trial judge would rely upon unobjected-to facts
contained within that PSI when assessing an appropriate punishment.  Therefore, we hold that a trial judge may take
judicial notice of unobjected-to facts contained within a PSI . . . . Thus, if
either the State or the defendant requests the trial court to take judicial
notice of some fact contained within the PSI, and the opposing party (who has
previously had an opportunity to review that report) does not object to the
accuracy of that fact, the trial court’s act of taking judicial notice
dispenses with the need for any further, formal proof of the fact.  The PSI report need not be formally introduced
into evidence. 

 

Id. at
*3–*4.  Although Tolbert argues that the
PSI report was incomplete, at trial he did not object to the accuracy of any
facts included in it, and he makes no such argument on appeal.  He does not state the critical information
that is missing or how any deficiency in the report constitutes reversible
error.  We hold that Tolbert has
presented nothing for review, and we overrule Tolbert’s second issue.

Conclusion

We affirm
the judgments of the trial court.

 

 

 

                                                                   Michael
Massengale

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do not
publish.   Tex. R. App. P. 47.2(b).