Opinion issued July 31, 2018



In The

# Court of Appeals

For The

# First District of Texas

————————————

NO. 01-17-00641-CR

————————————

**GUADALUPE ALUISO, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 300th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 75895-CR**

---

**MEMORANDUM OPINION**

Guadalupe Aluiso was convicted of four counts of aggravated sexual assault of a child—his daughter.[1] He contends there was insufficient evidence to support his conviction. We affirm.

---

[1]     TEX. PENAL CODE § 22.021(a)(1)–(2).

## Background

Aluiso's daughter, pseudonymously referred to as Ann, testified. She said her parents separated when she was seven years old. After that, she would move frequently between the homes of her mother, father, grandmother, and other relatives. When she was with her father, she and her brother would take turns sleeping in the bed with him and on a small mattress on the floor. When she was in the second or third grade, she awoke to her father "trying to stick his penis in [her] vagina." She froze, not knowing what to do. He told her to go back to sleep.

Over the next three years, Aluiso touched Ann's vagina and "butt" with his penis and mouth. Ann was asked how many times this occurred, and she responded that it was "too many to count." She recounted two events with specificity. The first occurred when she was seven or eight years old. Aluiso called her to his room and would "try and try" to insert his penis into her vagina but she "kept telling him it hurt." Ann testified Aluiso then "just tried putting it in my butt." She "started crying at that point" because she felt a "sharp pain." Afterwards, she was bleeding from her anus.

The second occurred when Ann was ten years old. It was the day she was moving away to live with her aunt out of state. That day, Aluiso touched her vagina with his mouth.

Ann testified that these and similar incidents would occur "whenever he felt like it" from the time she was seven or eight years old until she was ten and moved away. During that time, he would touch her breasts, vagina, and butt with his penis and mouth. Sometimes "white stuff" would come out of his penis and he would wipe it away with a towel.

When she was ten years old, Ann moved to live with her aunt in Illinois. Later, Ann's mother moved to Illinois, and Ann began living with her. Ann's mother thought Ann seemed unusually emotional so she "kept on asking her what was wrong." Finally, when Ann was around 12 years old, she told her mother about the abuse. Ann's mother took her to the hospital to have her examined and contacted law enforcement. The medical records presented no evidence of injury, but it had been over a year since she moved away from Aluiso.

Ann's brother was 19 years old at the time of trial. He testified that he lived with Ann and Aluiso over the periods she alleged to have been abused. He did not see any inappropriate contact. He testified that he does not know "who to believe" and wishes he could simply testify that he is "on nobody's side."

Aluiso testified and denied sexually assaulting his daughter.

## Legal Sufficiency of Evidence

In his only issue, Aluiso contends there is insufficient evidence to support his conviction for aggravated sexual assault of a child.

**A.    Standard of review**

We review sufficiency of the evidence using the standard enunciated in *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). *See Brooks v. State*, 323 S.W.3d 893, 898–912 (Tex. Crim. App. 2010). Under that standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *See Jackson*, 443 U.S. at 319; *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We consider all reasonable inferences that may be drawn from the evidence in making our determination, including all direct and circumstantial evidence. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Evidence is insufficient when (1) no evidence exists that is probative of an element of the offense in the record, (2) only a modicum of evidence exists that is probative of an element of the offense, (3) the evidence conclusively establishes a reasonable doubt, or (4) the alleged acts do not establish the criminal offense charged. *See Jackson*, 443 U.S. at 314, 320; *Laster*, 275 S.W.3d at 518.

The jury has the exclusive role of evaluating the facts, the credibility of the witnesses, and the weight a witness's testimony should be given. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex. Crim. App. [Panel Op.] 1981); *Jaggers v. State*, 125 S.W.3d 661, 672 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd). The jury

may choose to believe all, some, or none of a witness's testimony. *See Davis v. State*, 177 S.W.3d 355, 358 (Tex. App.—Houston [1st Dist.] 2005, no pet.). And the jury alone must reconcile any conflicts in the evidence. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000).

We defer to the factfinder "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Jackson*, 443 U.S. at 319; *Clayton*, 235 S.W.3d at 778. If there are conflicts in the evidence, we presume the factfinder resolved the conflicts in favor of the verdict and defer to that determination, as long as it is rational. *See Jackson*, 443 U.S. at 326; *Penagraph*, 623 S.W.2d at 343 ("A jury is entitled to accept one version of the facts and reject another or reject any of a witness' testimony."). Contradictory evidence does not render evidence supporting the verdict legally insufficient. *See McDonald v. State*, 462 S.W.2d 40, 41 (Tex. Crim. App. 1970). But if the evidence is insufficient, we must reverse and enter an order of acquittal. *See Tibbs v. Florida*, 457 U.S. 31, 41 (1982).

## B.    Legally sufficient evidence supports conviction

A person commits the offense of aggravated sexual assault of a child if the child "is younger than 14 years of age" and the person intentionally or knowingly "causes the penetration of the anus or sexual organ of a child by any means," "causes the anus of a child to contact the mouth . . . or sexual organ of another

5

person, including the actor," or "causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person, including the actor." TEX. PENAL CODE § 22.021(a)(1)–(2). A complainant's testimony is sufficient to support a conviction for aggravated sexual assault. TEX. CODE CRIM. PROC. art. 38.07.

Ann testified, unequivocally, that Aluiso repeatedly pushed his penis into her vagina and anus and that he contacted his mouth to her vagina. This testimony alone provides legally sufficient evidence of aggravated sexual assault. Aluiso contends Ann's description of the chronology of events surrounding the assaults conflicts with other evidence, including school records, so that the cumulative effect of the discrepancies invalidates her testimony. He also points to her "unremarkable" medical exam and evidence that Ann once chose to live with him instead of another relative. But any alleged deficiencies in her testimony and questions as to her credibility do not diminish the legal sufficiency of Ann's direct trial testimony on the issue. *See Buentello v. State*, 512 S.W.3d 508, 516 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd).

Ann's mother testified that Ann disclosed the abuse when Ann was 12 years old. Because Ann's mother was the first person Ann talked to about the abuse, Ann's mother qualified as an outcry witness. TEX. CODE CRIM. PROC. art. 38.072. Outcry testimony can be legally sufficient evidence to support a conviction without

6

corroboration or substantiation. *Eubanks v. State*, 326 S.W.3d 231, 241 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). Aluiso argues that the evidence established past deceitful conduct by Ann's mother, which raised questions as to her credibility; however, the jury is the sole arbiter of witness credibility. *Penagraph*, 623 S.W.2d at 343; *Davis*, 177 S.W.3d at 358. The outcry testimony from Ann's mother provides legally sufficient evidence to support the verdict of conviction.

Despite the claimed inconsistencies and issues of credibility, the cumulative force of the evidence, as resolved by the jury, provides legally sufficient evidence to support the jury's verdict of conviction. *See Hooper*, 214 S.W.3d at 13. Aluiso's sole issue is overruled.

## Conclusion

We affirm.

Harvey Brown
Justice

Panel consists of Justices Higley, Brown, and Caughey.

Do not publish. TEX. R. APP. P. 47.2(b).