**Affirmed as Reformed and Memorandum Opinion filed July 16, 2015.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-14-00347-CR

---

**DERRICK LEDON RAY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 184th District Court
Harris County, Texas
Trial Court Cause No. 1373949**

---

## M E M O R A N D U M   O P I N I O N

Appellant Derrick Ledon Ray appeals his conviction for possession of a controlled substance. Following a jury trial, the trial court found two enhancement allegations to be true and assessed punishment at twenty-six years in prison. In two issues, appellant contends that (1) the evidence is legally insufficient to support his conviction; and (2) trial counsel rendered ineffective assistance of counsel. In a cross-point, the State asks that this court reform the judgment to accurately reflect

appellant's pleas to the enhancement allegations and the trial court's findings on the enhancement allegations. We reform the trial court's judgment and affirm the judgment as reformed.

## BACKGROUND

On January 15, 2013, Officers Gallegos and Perez were driving down Scott Street while on patrol in a high-crime area of Houston known for high levels of narcotics activity. The officers approached the Barberry intersection and saw a white Chevrolet Lumina at a stop sign. The officers noticed that the two males in the vehicle were not wearing seatbelts. The two men then gave the officers a "surprised look." The officers decided to initiate a traffic stop and turned on their lights and siren. The vehicle did not immediately pull over and continued driving down the street. The officers then observed the appellant lift up his body from the passenger seat and drop his right shoulder down so that he could reach toward his back.

Once the vehicle stopped, Officer Gallegos approached the driver's side and Officer Perez went to the passenger's side. Officer Gallegos saw that the driver and appellant were not wearing seatbelts and then he noticed a plastic water bottle with purple liquid on the floorboard. Based on his experience, Officer Gallegos believed that the bottle contained liquid codeine and asked the driver to step out of the vehicle. Officer Gallegos then conducted a pat down of the driver for weapons, handcuffed him, and placed him in the back of the patrol vehicle.

While Officer Gallegos was detaining the driver, Officer Perez was speaking to the appellant. Officer Perez testified that appellant seemed extremely nervous because he did not make eye contact, was breathing heavily, and his hands were shaking. Officer Perez noticed that the front of appellant's shirt was tucked, but his back waistband was untucked. Thinking that appellant was hiding a weapon,

2

Officer Perez asked appellant to step out of the vehicle. Officer Perez attempted to pat him down for weapons but appellant resisted. Officer Perez handcuffed the appellant and asked Officer Gallegos to assist him in restraining the appellant. Officer Perez lifted up appellant's shirt, pulled his pants back, and pulled a plastic bag out of appellant's waistband. Based on his experience, Officer Perez believed that the plastic bag contained crack cocaine. At trial, a forensic scientist testified that the substance in the plastic bag tested positive for 16.97 grams of cocaine.

Appellant was indicted for possession of a controlled substance, namely cocaine, weighing more than four grams and less than 200 grams by aggregate weight. Tex. Health & Safety Code § 481.112(d). Appellant pleaded not guilty to the indictment. A jury found appellant guilty as charged. Appellant pleaded "not true" to two enhancement allegations. The trial court found the enhancement allegations to be true and sentenced appellant to twenty-six years in prison.

### ISSUES AND ANALYSIS

In two issues, appellant contends that (1) the evidence is legally insufficient to support his conviction for possession of a controlled substance because the State failed to prove that he intentionally and knowingly possessed the cocaine; and (2) trial counsel rendered ineffective assistance of counsel. In a cross-point, the State asks that this court reform the judgment to accurately reflect appellant's pleas to both enhancement allegations and the trial court's findings on the same.

### I.    Legal Sufficiency

Appellant first contends that the evidence is legally insufficient to support his conviction for possession of a controlled substance.

When reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the verdict to determine if any rational

3

factfinder could have found the essential elements of the crime beyond a reasonable doubt. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). The jury is the exclusive judge of the credibility of the witnesses and the weight to be given to the evidence. *See id.* Although our analysis considers all evidence presented at trial, we may not re-evaluate the evidence and substitute our judgment for that of the factfinder. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000).

Appellant asserts that the evidence is legally insufficient to support his conviction because the State failed to prove beyond a reasonable doubt that he intentionally and knowingly possessed cocaine. In support of his contention, appellant argues that (1) he and the driver were stopped for not wearing seatbelts, but were not arrested or ticketed for that offense; (2) the bottle of codeine was not tagged as evidence, tested, or admitted at trial; (3) there were no fingerprints linking appellant to the cocaine; (4) appellant did not confess that he possessed the cocaine and no confession was admitted at trial; (5) the officers probably did not see that appellant and the driver were not wearing seatbelts because it was dark; (6) Officer Perez stated "they look good" and "they're not wearing seatbelts" before pulling them over; and (7) the State's motion in limine suggested that the officers had disciplinary records. Although appellant attacks each piece of evidence individually, the court must "consider the combined and cumulative force of the evidence" when viewed in the light most favorable to the verdict. *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)

To prove unlawful possession of a controlled substance, the State must establish that the accused (1) exercised care, control, custody, or management over the substance; and (2) knew the substance was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see* Tex. Penal Code § 1.07(a)(39).

4

Possession can be established with direct or circumstantial evidence. *Poindexter*, 153 S.W.3d at 405−06. The evidence "must establish, to the requisite level of confidence, that the accused's connection with the drug was more than just fortuitous. This is the whole of the so-called 'affirmative links' rule." *Id*. at 406. The "affirmative links rule" is designed to protect the innocent bystander from conviction based solely upon his fortuitous proximity to someone else's drugs. *Id*. Mere presence at the location where the drugs are found is insufficient, by itself, to establish actual care, custody, or control of those drugs. *Evans v. State*, 202 S.W.3d 158, 162 (Tex. Crim. App. 2006). However, presence or proximity, when combined with other evidence, either direct or circumstantial, may be sufficient to establish that element beyond a reasonable doubt. *Id*. Evidence which affirmatively links the defendant to the controlled substance suffices for proof that he possessed it knowingly. *Brown v. State*, 911 S.W.2d 744, 747 (Tex. Crim. App. 1995). It is not the number of links that is dispositive, but rather the logical force of all of the evidence. *Evans*, 202 S.W.3d at 162.

Both officers testified that when they attempted to initiate a traffic stop of the vehicle, they saw appellant lift up his body from the passenger seat, dip his shoulder, and reach toward his back. Officer Perez testified that he decided to pat down appellant because he saw that the front of his shirt was tucked into his pants but the back waistband was untucked. Officer Perez stated that when he conducted the pat down, he found the bag of cocaine. Officer Gallegos corroborated Officer Perez's testimony. The determination of what weight to give testimonial evidence rests within the sole province of the jury because it turns on an evaluation of credibility and demeanor. *Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.). The jury was free to believe or disbelieve any or part of the officers' testimony. *Id*.

Based on the foregoing evidence, we cannot say that appellant's connection to the 16.97 grams of cocaine was merely fortuitous. *See Poindexter*, 153 S.W.3d at 406. The evidence affirmatively links appellant to the cocaine. Thus, viewing the evidence in the light most favorable to the verdict, a rational factfinder could have determined beyond a reasonable doubt that appellant knowingly exercised care, custody, control, or management over the cocaine.

We overrule appellant's first issue.

## II.     Ineffective Assistance of Counsel

In his second issue, appellant claims that his trial counsel rendered ineffective assistance of counsel because trial counsel (1) failed to file a motion to suppress; (2) failed to impeach the officers' credibility; (3) failed to make an opening statement; (4) failed to invoke "The Rule"; (5) failed to obtain a ruling on his motion to allow appellant to testify free from impeachment by prior criminal convictions; and (6) demonstrated a misunderstanding of the law when he requested a 38.23 instruction.

We examine claims of ineffective assistance of counsel by applying the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Ex parte Jimenez*, 364 S.W.3d 866, 882−83 (Tex. Crim. App. 2012). Under *Strickland*, appellant must prove by a preponderance of the evidence that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's deficient performance, the result of the trial would have been different. *See id*. at 883.

Our review of defense counsel's performance is highly deferential, beginning with the strong presumption that the attorney's actions were reasonably

professional and were motivated by sound trial strategy. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). When the record is silent as to trial counsel's strategy, we will not conclude that appellant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *See Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). In the majority of cases, appellant is unable to meet the first prong of the *Strickland* test because the record is underdeveloped and does not adequately reflect the alleged failings of trial counsel. *See Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007).

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). Isolated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination. *Id*. It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence. *Mata*, 226 S.W.3d at 430. Instead, to establish that the attorney's acts or omissions were outside the range of professionally competent assistance, appellant must show that counsel's errors were so serious that he was not functioning as counsel. *See Patrick v. State*, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

Here, appellant did not file a motion for new trial alleging ineffective

assistance of counsel, or develop a record of trial counsel's reasons for his actions. The record is silent as to counsel's trial strategy.

### A. Failure to File Motion to Suppress

Appellant first argues that his trial counsel rendered ineffective assistance of counsel because counsel did not file a motion to suppress evidence obtained from an illegal search. Appellant asserts that his trial counsel should have filed a motion to suppress arguing that the cocaine was a product of a warrantless search that was unsupported by probable cause.

While it is true appellant's trial counsel did not file a motion to suppress the cocaine, he did object at trial when the State sought to admit the cocaine. Appellant's trial counsel argued that the cocaine was "the product of a warrantless search that was unsupported by probable cause and a violation of [appellant's] constitutional rights against unreasonable search and seizure." The trial court overruled the objection, and therefore the issue was preserved for appellate review. A trial counsel's failure to file a motion to suppress is not per se ineffective assistance of counsel. *Hollis v. State*, 219 S.W.3d 446, 456 (Tex. App.—Austin 2007, no pet.) (citing *Kimmelman v. Morrison*, 447 U.S. 365, 384 (1986)). Appellant has not shown that the result of the proceeding would have been different if his trial counsel had filed a pre-trial motion to suppress rather than lodging the objection during trial.

Further, appellant has not shown that a motion to suppress would have been granted. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998) (holding that appellant is required to prove motion to suppress would have been granted to prove ineffective assistance of counsel). Here, both police officers testified that they initiated the traffic stop because they saw that appellant and the driver were not wearing seatbelts. *See Walter v. State*, 28 S.W.2d 538, 542 (Tex.

8

Crim. App. 2000) ("[T]he decision to stop an automobile is reasonable where the police have probable cause to believe that a traffic violation has occurred."). Officer Perez testified that he decided to conduct a pat-down search because he saw appellant reach toward his back and noticed that the back of his shirt was untucked. Officer Perez testified that he believed appellant could have been hiding a weapon. *See O'Hara v. State*, 27 S.W.3d 548, 550−51 (Tex. Crim. App. 2000) ("Before conducting a pat-down search, an officer need only be able to 'point to specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion.'"). Appellant's trial counsel was not ineffective for failing to file a motion to suppress evidence that is clearly admissible.

## B. Failure to Impeach Credibility of Officers

Appellant next asserts that his trial counsel rendered ineffective assistance of counsel because he failed to impeach the police officers' credibility. Appellant argues that trial counsel was ineffective because he agreed to the State's motion in limine, which prevented the parties from mentioning the officers' disciplinary records or personnel files. The motion in limine also prevented the parties from referencing an occasion in which Officer Gallegos was suspended for failing to file an offense report.

The motion in limine prevented the parties from mentioning "[a]ny reference, suggestion, or production of documentation as to Officer's personnel records relating to investigations by the Internal Affairs Division of the Houston Police Department" and "[a]ny reference or suggestion of Officer Felipe Gallegos by the Houston Police Department for failing to complete an offense report in 2013." The record does not reflect what information is contained in the officers' personnel files, nor the circumstances surrounding Officer Gallegos's suspension.

Allegations of ineffective assistance of counsel must be firmly rooted in the record and the record must affirmatively demonstrate ineffectiveness. *See Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Further, appellant's trial counsel focused on attacking the police officers' credibility throughout his entire closing argument. We cannot conclude from this record that appellant's trial counsel's agreement to the State's motion in limine was deficient.

## C. Failure to Make an Opening Statement

Appellant argues that his trial counsel rendered ineffective assistance of counsel by failing to make an opening statement.

Whether to deliver an opening statement is entirely optional. *Darkins v. State*, 430 S.W.3d 559, 570 (Tex. App.—Houston [14th Dist.] 2014, pet. ref'd); *see also Calderon v. State*, 950 S.W.2d 121, 127 (Tex. App.—El Paso 1997, no pet.) ("The option for defense counsel to deliver an opening statement immediately after the State makes its opening statement is entirely discretionary."). Few matters during a criminal trial could be more imbued with strategic implications than the exercise of this option. *Darkins*, 430 S.W.3d at 570. Appellant's trial counsel's failure to make an opening statement was not conduct "so outrageous that no competent attorney would have engaged in it." *Id*. (quoting *Goodspeed*, 187 S.W.3d at 392). Thus, trial counsel was not ineffective for failing to make an opening statement.

## D. Failure to Invoke "The Rule"

Appellant contends that his trial counsel rendered ineffective assistance of counsel because he failed to invoke "The Rule" at the beginning of trial to prevent the bolstering of witnesses.

"The Rule" refers to Rule of Evidence 614, which provides for the exclusion

of witnesses from the courtroom while another witness is testifying. *See* Tex. R. Evid. 614. A party may invoke "The Rule" by request. *Id*. Determining harm or prejudice by a witness's violation of Rule 614 is based on whether the witness's presence during other testimony resulted in harm for the defendant. *Webb v. State*, 766 S.W.2d 236, 240 (Tex. Crim. App. 1989). Injury to the defendant is shown when two criteria are met: (1) whether the witness actually conferred with or heard the testimony of other witnesses; and (2) whether the witness's testimony contradicted testimony of a witness from the opposing side or corroborated testimony of a witness with whom he or she had conferred with or heard. *Id*.

Here, the record does not reflect whether any of the three witnesses were actually in the courtroom to hear the testimony of another witness. Appellant does not argue that any specific witness was present during another witness's testimony. Appellant only argues that trial counsel was deficient by failing to invoke "The Rule." He points to no testimony by any witness that he contends caused him harm as a consequence of any violation of "The Rule." *See Webb*, 766 S.W.2d at 240. Because allegations of ineffective assistance of counsel must be firmly rooted in the record, we cannot say whether trial counsel's failure to invoke "The Rule" was deficient. *See Thompson*, 9 S.W.3d at 813.

### E. Failure to Obtain Ruling on Motion to Testify Free from Impeachment by Prior Criminal Convictions

Appellant contends that trial counsel rendered ineffective assistance of counsel because he failed to obtain a ruling on his motion to allow appellant to testify free from impeachment of prior convictions. *See Theus v. State*, 845 S.W.2d 874, 879−81 (Tex. Crim. App. 1992) (explaining factors used in evaluating whether probative value of evidence admissible under Rule 609 is outweighed by prejudicial effect). Appellant argues that if the trial court had granted the motion,

appellant could have testified at trial as to his version of the facts, without fear of being impeached by his prior convictions.

The record contains appellant's motion to testify free from impeachment by prior criminal convictions. However, the trial court did not rule on the motion. The motion sought to allow appellant to testify free from impeachment for his convictions of attempted felon in possession, manufacture/delivery of a controlled substance, felon in possession of a weapon, possession of marijuana, evading motor vehicle, and deadly conduct.

Appellant did not testify at trial and his prior criminal convictions were not admitted during the guilt-innocence stage at trial. When the trial court asked appellant's trial counsel whether appellant wanted to testify at trial, trial counsel stated "[h]e wished not to testify, Your Honor . . . It was on my own advice, but he certainly understands he had the right to." The trial court confirmed that appellant had a criminal record and asked appellant whether it was his decision not to testify. Appellant told the trial court that he understood he had a right to testify and that it was his decision not to testify. *See Bynum v. State*, 731 S.W.2d 661, 665 (Tex. App.—Houston [14th Dist.] 1987, no pet.) ("An accused's decision to testify is his own personal right."). In his brief, appellant asserts that he "could have testified before the jury regarding his version of the facts, without fear of impeachment by his priors." Appellant does not explain what his testimony would have revealed, or whether he would have actually testified. Because allegations of ineffective assistance of counsel must be firmly rooted in the record, we cannot say that trial counsel rendered ineffective assistance of counsel by failing to obtain a ruling on his motion to allow appellant to testify free from impeachment by prior convictions. *See Thompson*, 9 S.W.3d at 813.

The record is silent as to the reasons behind trial counsel's strategy for not

12

obtaining a ruling on the motion. This court will not speculate as to what counsel's trial strategy might have been with regard to this alleged error. We cannot say that counsel's failure to obtain a ruling on his motion was "so outrageous that no competent attorney would have engaged in it." *See Goodspeed*, 187 S.W.3d at 392. Further, appellant does not argue that if trial counsel brought the motion to the attention of the trial court that any prior offenses would have been excluded under *Theus*. *See Jackson*, 973 S.W.2d at 957.

### F.  Request of 38.23 Instruction

Appellant argues that trial counsel rendered ineffective assistance of counsel by requesting an Article 38.23 instruction even though the record reflects that no evidence was introduced to create a factual dispute. Appellant asserts that trial counsel demonstrated a misunderstanding of the law by making this request.

At the charge conference, trial counsel requested that the jury be instructed, pursuant to Article 38.23 of the Texas Code of Criminal Procedure, to disregard any evidence obtained illegally. *See* Tex. Code Crim. Proc. art. 38.23. The trial court denied the request, stating that there was no dispute about the facts. *See Madden v. State*, 242 S.W.3d 504, 509−10 (Tex. Crim. App. 2007) ("A defendant's right to the submission of jury instructions under Article 38.23(a) is limited to disputed issues of fact that are material to his claim of a constitutional or statutory violation that would render evidence inadmissible."). Trial counsel admitted that there was no dispute about the facts, but he believed there was a dispute about the interpretation of the facts or a "question about what a reasonable person would have thought was the case and the fact situation."

Although a 38.23 instruction may not have been warranted in this instance, we cannot say that the alleged error was "so serious that [trial counsel] was not functioning as counsel." *Patrick*, 906 S.W.2d at 495. Appellant has not overcome

the strong presumption that trial counsel's performance was reasonable. *Id.* Further, appellant has failed to show how trial counsel's request prejudiced his defense at trial. We cannot say that there is a reasonable probability that, but for trial counsel's alleged error, the result of the proceeding would have been different.

We overrule appellant's second issue.

### III.    Modification of the Judgment

In a cross-point, the State requests that this court reform the judgment to accurately reflect appellant's pleas and the trial court's findings regarding the enhancement paragraphs in the judgment.

During the punishment stage of trial, appellant pleaded "not true" to both of the State's enhancement allegations. The trial court found both of the enhancement allegations to be true. The judgment, however, incorrectly reflects that appellant pleaded "true" to both enhancement allegations and lists "N/A" under the trial court's findings with respect to each enhancement paragraph.

"[A]n appellate court has authority to reform a judgment to include an affirmative finding to make the record speak the truth when the matter has been called to its attention by any source." *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (citing *Asberry v. State,* 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)); *see also Nolan v. State*, 39 S.W.3d 697, 698 (Tex. App—Houston [1st Dist.] 2001, no pet.) (noting that appellate court has the power to reform a trial court judgment to make the record speak the truth when it has the necessary data and information).

We conclude that the record supports modification of the judgment. Accordingly, we reform the judgment to reflect appellant's pleas of "not true" and the trial court's findings of "true" with respect to the first and second enhancement

paragraphs.

We sustain the State's cross-point.

**CONCLUSION**

We reform the trial court's judgment and affirm the judgment as reformed.

/s/     Ken Wise
        Justice

Panel consists of Justices Christopher, Donovan, and Wise.
Do Not Publish — TEX. R. APP. P. 47.2(b).