# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00045-CR

**Bryan Ayala, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF COMAL COUNTY, 207TH JUDICIAL DISTRICT
### NO. CR2014-227, HONORABLE DIB WALDRIP, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In two issues, appellant Bryan Ayala asserts that the evidence is insufficient to support his conviction for aggravated robbery and that the jury's answer to the special issue undermines the validity of his conviction. For the following reasons, we will affirm.

### BACKGROUND

The jury heard testimony from complainant Joel Desrosiers, who testified, in relevant part, as follows:

On May 15, 2013, Desrosiers received a call from an acquaintance, Kelly Brown-Brannon, who asked if he would be willing to sell a large amount of pills to two men, whom she did not identify by name. He agreed and, shortly thereafter, met the men at a gas station. The two men suggested that they complete the transaction at a nearby hotel where Brown-Brannon was staying. Desrosiers drove separately to the hotel. When he approached Brown--Brannon's hotel

room, one of the men, who was later identified as Rumaldo Aguirre, was standing outside. Desrosiers followed Aguirre into the room, where Brown-Brannon was lying on the bed. Desrosiers then "noticed somebody come out of the shadows that had a gun on him and then closed the door behind him." Both men were standing by the door, and "[Aguirre] ended up with the gun." Pointing the gun at Desrosiers, Aguirre ordered Desrosiers to give him everything in his pockets, and Desrosiers refused. Desrosiers tried to leave but was struck across the face by either a fist or a gun. He was repeatedly hit, kicked, and choked by two different people. He recalled Brown--Brannon saying, "choke him out," and then he passed out. He awoke in the hotel parking lot with multiple injuries. The items from his pockets—his keys, wallet, two knives, and prescription medication—had been taken. He spoke with police who had been called to the scene and was airlifted to the hospital.

At trial, Desrosiers positively identified Ayala as the other assailant. Aguirre and Brown-Brannon also testified that Ayala was the other assailant. The jury found Ayala guilty, and the trial court sentenced him to 11 years' imprisonment. Ayala appealed.

## DISCUSSION

### I.      Sufficiency of the evidence

In Ayala's first issue, he asserts the evidence is legally insufficient to support his conviction for aggravated robbery. Specifically, he argues that insufficient evidence corroborated

2

the accomplice-witness testimony provided by Aguirre and Brown-Brannon identifying Ayala as the other assailant.[1]

### A.      Standard of review

When reviewing the sufficiency of the evidence to support a conviction, we consider all of the evidence in the light most favorable to the verdict to determine whether, based on the evidence and reasonable inferences therefrom, any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 318–19 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  The jury is the sole judge of the weight and credibility of the evidence and may believe all, some, or none of a witness's testimony. Tex. Code Crim. Proc. art. 38.04; *Brooks*, 323 S.W.3d at 899. We may not reevaluate the weight and credibility of the evidence. *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010). We defer to the jury's resolution of any conflicting inferences from the evidence and presume that it resolved such conflicts in favor of the judgment. *Jackson*, 443 U.S. at 326; *Whatley v. State*, 445 S.W.3d 159, 165 (Tex. Crim. App. 2014).

### B.      Aggravated robbery

As alleged in the indictment in the present case, a person commits an aggravated robbery if, while in the course of committing theft and with intent to obtain or maintain control of the property, he uses or exhibits a deadly weapon and either (1) intentionally, knowingly, or

---

[1]  He also claims that the evidence is factually insufficient to support the conviction, but evidentiary sufficiency is reviewed under a single standard.  *See Adames v. State*, 353 S.W.3d 854, 859 (Tex. Crim. App. 2011) (citing Brooks *v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010)).

recklessly causes bodily injury to another; or (2) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death. Tex. Penal Code §§ 29.02(a), 29.03(a)(2).

### C. The accomplice testimony was sufficiently corroborated

Ayala claims that the evidence is insufficient because, he contends, Desrosiers's testimony does not sufficiently corroborate the testimony of Ayala's accomplices identifying Ayala as the third perpetrator.

The accomplice-witness rule provides that "[a] conviction cannot be had upon the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the offense committed; and the corroboration is not sufficient if it merely shows the commission of the offense." Tex. Code Crim. Proc. art. 38.14. Under this rule, a reviewing court eliminates the accomplice testimony from consideration and then examines the rest of the record for "any evidence that tends to connect the accused with the commission of the crime." *Castillo v. State*, 221 S.W.3d 689, 691 (Tex. Crim. App. 2007). The corroborating evidence need not be sufficient by itself to support the conviction; it need only "tend[] to connect" the defendant to the offense. *Id*.

Ayala argues that Desrosiers's testimony "was insufficient to support a finding of guilt as to [Ayala] because of his inability to unequivocally identify [Ayala] as the second party with [Aguirre] in the hotel room." Ayala cites the fact that, in a photo lineup prior to trial, Desrosiers identified Ayala as the second assailant, stating that he was "about 80, 85 percent sure that that's him." First, corroborating evidence need only tend to connect the defendant to the offense; it need not be sufficient by itself to support the conviction. *See id*. Desrosiers's identification of Ayala from a photo lineup with less than complete certainty satisfies that standard. Second, at trial, Ayala did

4

unequivocally identify Ayala as the second assailant. The jury was free to find his testimony credible, and we must defer to that finding. *See Jackson*, 443 U.S. at 326; *Brooks*, 323 S.W.3d at 899.

After a full review of the record, we conclude that the evidence was sufficient to support Ayala's conviction.[2] We overrule Ayala's first issue.

## II. The jury's special-issue finding does not undermine the sufficiency of the evidence to support the conviction

As previously discussed, the jury found appellant guilty as charged in the indictment, which alleged aggravated robbery based on the use of a deadly weapon. *See* Tex. Penal Code §§ 29.02(a), 29.03(a)(2). On special-issue submission, the jury found that Ayala "did not" use or exhibit a deadly weapon. In his second issue, Ayala claims that the jury's answer to the deadly weapon special issue undermined the validity of the jury's verdict of conviction. The State argues that the jury could have rationally found both that Ayala used or exhibited a deadly weapon "while in the course of committing theft" as alleged in the indictment and not "during the commission of" the aggravated robbery as alleged in the special issue, which the State contends encompassed a narrower time frame than did the indictment.

Assuming without deciding that the jury's answer to the special issue was inconsistent with its finding that Ayala was guilty of aggravated robbery based on the use of a deadly weapon as

---

[2] We conclude that the record contains evidence from numerous sources supporting Ayala's conviction and also note that Desrosiers's testimony alone suffices. *See Lee v. State*, 176 S.W.3d 452, 458 (Tex. App.—Houston [1st Dist.] 2004), *aff'd*, 206 S.W.3d 620 (Tex. Crim. App. 2006) ("The testimony of a single eyewitness is sufficient to support a felony conviction."); *Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (affirming conviction for aggravated robbery when central issue involved a single witness's credibility).

alleged in the indictment, that inconsistency did not undermine the validity of the conviction. An affirmative deadly weapon finding affects a defendant's eligibility for community supervision, not his guilt or innocence of an offense. *See* Tex. Code Crim. Proc. art. 42.12 § 3g(a)(2). The Texas Court of Criminal Appeals has observed that "[i]f a deadly-weapon special issue is submitted to a jury, the jury may answer that issue 'no' even in a case in which use of a deadly weapon is a necessary element of the offense. Such a result in a jury trial would be internally inconsistent, but the law does not bar inconsistent verdicts." *Guthrie-Nail v. State*, 506 S.W.3d 1, 6 (Tex. Crim. App. 2015). "When presented with seemingly inconsistent findings regarding a deadly weapon, the appellate inquiry is limited solely to a determination of whether the evidence is legally sufficient to support the jury's verdict." *Lockett v. State*, No. 14-03-00601-CR, 2004 WL 3202864, at *2 (Tex. App.—Houston [14th Dist.] Nov. 24, 2004, no pet.) (mem. op., not designated for publication); *see also United States v. Powell*, 469 U.S. 57, 68–69 (1984) (holding that any attempt to determine the jury's reasons for reaching inconsistent verdicts would require pure speculation and involve an improper inquiry into jury's deliberations); *Dunn v. United States*, 284 U.S. 390, 393 (1932) (defendant may not attack conviction on one count if supported by sufficient evidence, even though that conviction was inconsistent with an acquittal on another count in the same indictment); *Ward v. State*, 113 S.W.3d 518, 522 (Tex. App.—Houston [1st Dist.] 2003, pet. ref'd) (internal inconsistencies within jury verdicts are not bases for reversal; "the only issue on appeal is whether there is sufficient evidence to support the verdict upon which the conviction is based"). We have already concluded that the evidence supports Ayala's conviction. The jury's negative finding on the

special issue does not affect the sufficiency of that evidence or the validity of the jury's verdict of conviction. *See Guthrie-Nail*, 506 S.W.3d at 6. We overrule Ayala's second issue.

## CONCLUSION

We affirm the judgment of conviction.

_____
Cindy Olson Bourland, Justice

Before Chief Justice Rose, Justices Field and Bourland

Affirmed

Filed:   December 7, 2017

Do Not Publish