

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-17-00366-CR & 04-17-00367-CR[1]

Roger Trudell **DAVIS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2015CR3461 & 2015CR6145
Honorable Steve Hilbig, Judge Presiding

Opinion by:  Luz Elena D. Chapa, Justice

Sitting:  Rebeca C. Martinez, Justice
Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice

Delivered and Filed:  August 8, 2018

AFFIRMED

Roger Davis appeals his convictions for aggravated assault with a deadly weapon. He raises

three issues on appeal: (1) there is legally insufficient evidence that he was the perpetrator of the

offenses alleged in the indictments; (2) his trial counsel rendered ineffective assistance by

inadequately investigating the case and not requesting a continuance to review evidence the State

untimely disclosed to the defense; and (3) the trial court erred by not sua sponte granting a

continuance. We affirm the trial court's judgments.

---

[1] These appeals were consolidated for purposes of briefing and argument.

## BACKGROUND

On November 3, 2014, Rainn Guerrero and Jonathan Canady were asleep at Guerrero's house when a man outside started knocking on the window to the bedroom. After Guerrero and Canady awoke, Guerrero asked the man outside to identify himself. According to Guerrero, the man responded, "OJ," which is the nickname of Guerrero's ex-boyfriend, Davis. The man tried to crawl through the window. Canady shoved a dresser against the man, who then pulled out a gun and started shooting into the bedroom. Guerrero was shot by a bullet that passed through both of her thighs. Canady was shot by a bullet that grazed the left side of his face.

Davis was thereafter charged by two indictments with aggravated assault with a deadly weapon, and he pled not guilty. The case proceeded to a single jury trial on both indictments, and the jury returned a guilty verdict as to both charges. The trial court assessed punishment at forty-three years in prison for each conviction and imposed the sentence. Davis timely appealed the judgments of conviction.

## LEGAL SUFFICIENCY

Davis argues the evidence is legally insufficient to prove he committed aggravated assault with a deadly weapon. In his brief, Davis does not argue there is insufficient evidence that someone assaulted Guerrero and Canady with a deadly weapon. He argues only that there is legally insufficient evidence identifying him as the shooter.[2] We therefore consider whether there is legally sufficient evidence showing Davis was the shooter.

In reviewing the legal sufficiency of the evidence, we ask whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *accord Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App.

---

[2] To the extent Davis intended to challenge the other elements of the offenses, we hold there is legally sufficient evidence of those elements.

2009). We review the evidence "in the light most favorable to the verdict." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012). "Our role on appeal is restricted to guarding against the rare occurrence when a factfinder does not act rationally," and we must "defer to the responsibility of the trier of fact to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010) (internal citations omitted).

"Identification of the defendant as the person who committed the offense charged is part of the State's burden of proof beyond a reasonable doubt." *Wiggins v. State*, 255 S.W.3d 766, 771 (Tex. App.—Texarkana 2008, no pet.). "When a defendant contests the identity element of the offense, we are mindful that identity may be proven by direct evidence, circumstantial evidence, or even inferences." *Id.* The determination of what weight to give testimonial evidence regarding identification is within the sole province of the jury, as it turns on an evaluation of credibility and demeanor. *Davis v. State*, 177 S.W.3d 355, 359 (Tex. App.—Houston [1st Dist.] 2005, no pet.).

During her testimony, Guerrero identified Davis as the man who shot her and Canady. Guerrero testified Davis is her ex-boyfriend, he has a southern accent, and she knows him by "OJ," a childhood nickname he received from his family. She explained she had known Davis for several months, had a romantic relationship with him, and they had lived together, but Davis had physically abused her, accused her of cheating, and further threatened her. Guerrero testified she and Canady woke up to someone knocking on the window and calling her name. When she asked who it was, the man responded "OJ" and said to her, "This is how you're going to do me? This is how it's going to be?" Guerrero testified she had no doubt who the man was because of his southern accent, although she did not see his face. Guerrero further explained the man tried to enter her home through the window, Canady threw a dresser on him, and the man pulled out a gun and

started shooting. Guerrero testified Davis drove a silver Lincoln Town Car, and Canady testified he saw the shooter run toward a silver Lincoln.

Viewing this evidence in a light most favorable to the verdict, we hold a jury rationally could have found Davis was the person who committed the offense. *See id.* Although Davis notes there were other witnesses who testified Davis was elsewhere during the shooting and eye witness testimony can sometimes be unreliable, the determination of what weight to give testimonial evidence is within the sole province of the jury. *See id.* We conclude there is legally sufficient evidence that Davis committed the offenses alleged in the indictments.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Davis argues he received ineffective assistance of counsel. Sixth Amendment ineffective assistance of counsel claims are governed by *Strickland v. Washington*'s two-prong test under which we determine (1) whether trial counsel's representation was constitutionally deficient, and (2) whether the deficient performance prejudiced the defense. 466 U.S. 668 (1984); *accord Russell v. State*, 90 S.W.3d 865, 875 (Tex. App.—San Antonio 2002, pet. ref'd). To satisfy *Strickland*'s first prong on direct appeal, the record must demonstrate: (1) trial counsel's deficient performance of some act or failure to perform some act, and (2) trial counsel had no reasonable trial strategy for the act or omission. *See Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). "Any allegation of ineffectiveness must be firmly founded in the record." *Russell*, 90 S.W.3d at 875.

"There is a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Generally, trial counsel should be afforded an opportunity to explain "his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). When trial counsel is not given that opportunity, we will not find trial counsel's performance deficient unless the challenged conduct was "so outrageous that no competent attorney would have

engaged in it." *Id.* Thus, "[u]nder normal circumstances, the record on direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional." *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

Davis contends his trial counsel's performance was deficient because trial counsel inadequately investigated the case, failed to follow up on pre-trial motions requesting the disclosure of evidence, and failed to request a continuance after receiving untimely disclosed evidence that might have been favorable to the defense. Specifically, Davis argues trial counsel should have requested more time to review several hours of Davis's recorded jail conversations. Other than Davis's assertion that his trial counsel did not review the recorded jail conversations, Davis does not explain how his trial counsel's investigation was inadequate. Davis's trial counsel was not afforded an opportunity to explain his actions. The record before us is silent as to why trial counsel did not follow up on Davis's pre-trial discovery motions or request a continuance after the recordings of the jail calls were disclosed. The record also does not show any favorable evidence was contained on the recordings. On the record before us, we hold Davis has failed to overcome the strong presumption that his trial counsel's conduct fell within the wide range of reasonable professional assistance. *See Thompson*, 9 S.W.3d at 813. We therefore cannot say Davis received ineffective assistance of counsel.

### FAILURE TO TIMELY DISCLOSE EVIDENCE

Davis also argues the State wrongfully withheld evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), and the trial court should have *sua sponte* granted him a continuance to protect his due process rights. According to Davis, the State disclosed the recorded jail calls the day of trial and did not give him sufficient time to review the evidence and adequately prepare. "[W]hen previously withheld evidence is disclosed at trial, the defendant has an

opportunity to request a continuance." *Williams v. State*, 995 S.W.2d 754, 762 (Tex. App.—San Antonio 1999, no pet.). "The failure to request a continuance waives any *Brady* violation, . . . ." *Id.* Davis notes the State disclosed the evidence the day of, but before trial, and he did not request a continuance. A trial court has no duty to *sua sponte* grant a continuance when the record suggests the defense was unaware of evidence. *See McCloud v. State*, 494 S.W.2d 888, 891 (Tex. Crim. App. 1973). And, as previously noted, the record does not show the recordings of the jail calls contained any evidence favorable to Davis. We overrule Davis's issue regarding the State's alleged failure to timely disclose evidence and the trial court's failure to *sua sponte* grant a continuance to review the recordings. *See Williams*, 995 S.W.2d at 762.

## CONCLUSION

We affirm the trial court's judgments of conviction.

Luz Elena D. Chapa, Justice

DO NOT PUBLISH